**REHRER et al.**

v.

**SERVICE TRUCKING CO., Inc. et al.**

Civ. No. 1445.

United States District Court,
D. Delaware.

Nov. 18, 1953.

George L. Sands, Wilmington, Del., and William H. Bennethum (of Morford, Bennethum & Marvel), Wilmington, Del., for plaintiffs.

William Prickett, Wilmington, Del., for defendants.

LEAHY, Chief Judge.

This action was initiated in the state court by the filing of a summons and a complaint. In accordance with the state rule, plaintiffs evidenced a choice for trial by jury by endorsing a demand therefor on the face of the complaint. Before answer, defendants' effected removal to this court. A true copy of the original complaint was filed here pursuant to Section 1446 of Title 28, U.S.C. Defendants answered, adopting the paragraphing of the complaint, and the case was placed on the jury list. Plaintiffs made no independent request in this court for trial by jury within the ten days following notice of removal. Defendants move to strike the case from the jury list because of this alleged omission.

Motion denied. Of timely record in this court and properly docketed is the complaint in this action. It bears the notation "Trial By Jury Is Demanded" immediately below its caption. This literally satisfies the requirements of Fed.Rules Civ.Proc. rule 81(c), 28 U.S.C. Its effect is diminished neither by its being a true copy nor its presence in this court being due to defendants' filing of it. Upon removal, the complaint became a pleading in this court and governs the action thereafter. Indeed, defendants answered it paragraph by paragraph and thereby raised the main issues to be resolved at trial.

On principle, too, I think this result correct. Plaintiffs clearly demonstrated a desire for trial by jury. This they did by an affirmative demand for it, not by silence in the state court. No plausible reason is apparent to me why a second request is necessary or why a waiver of jury trial should be imputed after removal to a party who positively demanded it just prior to removal. Barron and Holtzoff, Federal Practice and Procedure, 1952 Supp., Sec. 132, p. 75. Defendants have been aware of the demand for jury trial since their acceptance of service of the complaint in the state action. The very papers defendants copied and brought to this court carry a banner heading demanding trial by jury. I can see merit in their position if no demand had ever been made. Cf. Gallagher v. Delaware & Hudson R. Co., D.C., 15

F.R.D. 1. I see none in their present one.

For complete decisiveness, I add one final, perhaps superfluous observation. An alternative application to my discretion under F.R. 39(b) has been made by plaintiffs. If all other argument had failed, I would have freely exercised discretion to grant the desired trial by jury.