**MASSACHUSETTS MUTUAL LIFE IN-SURANCE COMPANY**

v.

**Edith Kassel STERN, Helen Kassel, et al.**

**Civ. 14657.**

United States District Court,
E. D. New York.

Oct. 8, 1954.

Tanner, Friend, Kinnan & Post, New York City, by David R. Crow, New York City, for plaintiff.

Harry Ostrov, New York City, by Abraham J. Walcoff, Atlanta, Ga., for defendant Edith Kassel Stern.

M. S. Gilbert, New York City, for defendant Helen Kassel.

RAYFIEL, District Judge.

The plaintiff herein moves, pursuant to Section 2361 of Title 28 of the United States Code, to enjoin and restrain the defendant, Edith Kassel Stern, and her attorney, Abraham Walcoff, from instituting or prosecuting any suit or proceeding in any state or federal court on a certain policy of insurance, and, more particularly, from prosecuting an action now pending in the United States District Court for the Northern District of Georgia, Atlanta Division, wherein she is the plaintiff, and Massachusetts Mutual Life Insurance Company, here-

inafter called "Massachusetts", is the defendant.

On May 24, 1954, the said Edith Kassel Stern commenced an action in contract against "Massachusetts" in the United States District Court for the Northern District of Georgia, Atlanta Division, to recover the proceeds of a life insurance policy issued by the said defendant on the life of her husband, Morris Kassel, under its Number 860254. "Massachusetts" appeared and interposed an answer which contained several defenses. As a first defense it pleaded "forum non conveniens", requesting the court to transfer the action to this district, pursuant to Section 1404(a) of Title 28, U.S.Code. As a second defense it pleaded the failure of the plaintiff to join certain parties, who, it claimed, were indispensable to a complete disposition of the case. On August 9, 1954, with the leave of the Court, it filed an amendment to its answer wherein it amended its second defense (failure to join indispensable parties), and added a fourth and a fifth defense and counterclaim, in which it asked for reformation of a certain amending agreement, dated June 9, 1947, attached to the complaint in the Georgia case, and referred to therein as Exhibit "E".

On August 17, 1954, "Massachusetts" as plaintiff, filed a bill in the nature of interpleader in this Court, asking for the following relief:

"1. That the defendant Edith Kassel Stern is not entitled to recover from plaintiff the balance of the proceeds of policy numbered 860254.

"2. That the defendant Edith Kassel Stern be restrained from prosecuting the action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, bearing civil action number 4882 and entitled Edith Kassel Stern, plaintiff vs. Massachusetts Mutual Life Insurance Company, defendant, until the further order of this court.

"3. That each of the defendants and their agents and attorneys be enjoined and restrained from instituting or prosecuting any suit or proceeding against this plaintiff in any state or in any other federal court on account of said policy of insurance numbered 860254, and that in due course this order of injunction may be made permanent, provided the plaintiff complies with the further order or judgment of this court with respect to said policy of life insurance, being the subject matter of this controversy.

"4. That if the court shall determine that the defendant Edith Kassel Stern is not entitled to recover from plaintiff the balance of the proceeds of policy numbered 860254 except as it may be brought under and subjected to the terms of the supplemental agreement (Exhibit 'C'), the defendants be required to interplead and settle between themselves their rights to the reformation of supplemental agreement (Exhibit 'C') and their rights to money due under policy numbered 860254 and said supplemental agreement (Exhibit 'C')".

It is in the action pending in this Court that "Massachusetts" makes the instant motion. In its answer to the complaint in the Georgia action it has raised the defenses of forum non conveniens, indispensable parties and reformation of the agreement therein involved, which, except for the application for injunctive relief, is all that it seeks in its action in the nature of interpleader in this court. If application has been or should be made in that Court for relief under Section 1404(a) of Title 28, U.S.C., and is well founded, there is no reason to doubt that the District Court for the Northern District of Georgia will transfer that action to the District most convenient to the litigants.

If the contentions raised in the answer of "Massachusetts" are found to be meritorious the District Court in Georgia will permit the interposition of the interpleader as an additional defense and counterclaim.