**ULTRONIC SYSTEMS CORP., Plaintiff,**

v.

**ULTRONIX, INC., Defendant.**

**Civ. A. No. 2518.**

United States District Court
D. Delaware.

May 13, 1963.

Jacob Balick, Wilmington, Del., for plaintiff; Morton C. Jacobs and Max R. Millman, of Millman & Jacobs, Philadelphia, Pa., Paul Matzko, of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., of counsel.

Arthur G. Connolly, of Connolly, Bove & Lodge, Wilmington, Del., for defendant; Clyde S. West, Jr., and James D. Palmer, Jr., of Sullivan & West, San Mateo, Cal., of counsel.

LAYTON, District Judge.

This is a declaratory judgment proceeding wherein the plaintiff, Ultronic Systems, Inc., seeks a declaration of in-

validity and non-infringement of defendant's Ultronix, Inc., trade name and registered trade-marks, a declaration of invalidity of defendant's copyrights, and an order on the Commissioner of Patents to cancel defendant's registered trade-marks. This suit is one of a series of legal maneuvers between the parties, the chronological order of which is as follows:

1. *June 27, 1962*—Defendant accused plaintiff, by letter, of infringing defendant's trade name and copyrights.

2. *October 23, 1962*—Plaintiff was served with a complaint filed by defendant in the California State Court, alleging trade name and federally registered trade-mark infringement.

3. *October 31, 1962*—Plaintiff filed the present declaratory judgment action in this Court.

4. *November 9, 1962*—Plaintiff removed defendant's California State Court action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441.

5. *November 16, 1962*—Plaintiff answered the California complaint.

6. *November 23, 1962*—Plaintiff moved in this Court to enjoin defendant from prosecuting the California infringement action in favor of the Delaware action.

7. *December 14, 1962*—Defendant moved in this Court to dismiss or stay this declaratory judgment proceeding in favor of its California action.

As indicated above, cross motions are now before the Court to decide, in effect, in which forum the controversy is to be resolved.

Plaintiff's argument that the California action should be enjoined is that the broader controversy, as it views the pleadings, is in the Delaware action. It thus invokes the principles of Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.[1] that, regardless of priority, a case should be tried where the relief sought can be more expeditiously and effectively afforded, with a view toward conservation of judicial resources. In other words, two litigations should be avoided where one, more comprehensive, lawsuit will suffice.[2]

■ An analysis of the nature of the two pending cases shows that the Delaware declaratory judgment action is not, in fact, a more comprehensive case. Plaintiff admits that the exact issues of validity and infringement are common to both actions, but maintains that the Delaware action is broader due to additional copyright issues and the fact that it seeks, in Delaware, the remedy of cancellation of defendant's registered trade-marks.

Plaintiff purports to find a copyright question in its Delaware declaratory judgment case by virtue of the accusatory letter of June 27, 1962. However, it was developed at argument that the use of the word "copyright" in this letter was an inadvertence,[3] and the defendant's counsel concedes that defendant would make no claim against plaintiff based upon copyright. This leaves for consideration only the allegedly additional issue in Delaware arising from the prayer for cancellation sought by the plaintiff.

This prayer for cancellation is based solely on the allegation in plaintiff's complaint that defendant's registrations were secured by material misrepresentations to the United States Patent Office. But this very issue of misrepresentation is also before the California Court by plaintiff's answer in California specifically denying that the registrations of defendant's marks were duly and legally

---

1. 189 F.2d 31 (3rd Cir., 1951), aff'd, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

2. 189 F.2d at 34.

3. Defendant warned in the letter that the name "Ultronix" was protected by "copyright" when it obviously meant to say it was protected by "trade-mark."

issued. To make the two suits identical would thus require only that the plaintiff file an amendment to its answer under Federal Rule 13(f) [4] to include a counterclaim for an order on the Commissioner of Patents to cancel the defendant's registrations. In this simple way, plaintiff can have its affirmative relief in California. See Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3rd Cir., 1941), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1941).

■ Plaintiff's intimation in its brief that the Federal Court in California would not have jurisdiction to order cancellation is without merit. Its argument is based on the theory that a federal court upon removal acquires no more jurisdiction than the state court had. Since the California State Court has no power to order cancellation, plaintiff argues that the Federal Court in California cannot grant the remedy, although it would have such powers in an original suit.

Concededly, in Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922), the Supreme Court did hold:

> "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." [5]

However, the Lambert Run rule was later explained and distinguished by the Supreme Court in Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). In Freeman, the plaintiff brought suit in the Massachusetts State Court for breach of contract. Defendant removed the case to the District Court in Massachusetts, there being diversity of citizenship and the requisite jurisdictional amount. The plaintiff moved to amend its complaint by adding a charge for treble damages under the Clayton Act. Since the State Court would have had no jurisdiction under the Clayton Act, the District Court, relying on Lambert, denied the motion to amend. The Supreme Court disagreed with the District Court, saying:

> "The Lambert Co. case and those which preceded and followed it merely held that defects in the jurisdiction of the state court either as respects the subject matter or the parties were not cured by removal but could thereafter be challenged in the federal court. We see no reason in precedent or policy for extending that rule so as to bar *amendments* to the complaint, otherwise proper, merely because they could not have been made if the action had remained in the state court. If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment." (Emphasis added.) [6]

It is my opinion that the present case falls under the Freeman rule rather than the Lambert rule. Plaintiff never sought cancellation in the State Court, so an attempt to obtain that remedy in the Federal Court is not an attempt to cure defective state jurisdiction. A counterclaim in Federal Court, under the circumstances here presented, is hardly different from the amendment permitted in Freeman. And plaintiff's counsel virtually conceded at argument that the right to amend to insert a counterclaim in the California action did exist.

4. "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

5. 258 U.S. at 382, 42 S.Ct. at 351, 66 L. Ed. 671.

6. 319 U.S. at 451, 63 S.Ct. at 1148, 87 L. Ed. 1509.

■ Since both the California and Delaware actions can, with ease, be made to encompass the identical issues, the question of priority does become important. Crosley Corp. v. Hazeltine Corp., supra; Cresta Blanca Wine Co. v. Eastern Wine Corp., 143 F.2d 1012 (2nd Cir., 1944). Plaintiff contends that this Court was the first *Federal* Court to obtain jurisdiction of the subject matter and of the parties since the complaint was filed here nine days before the case pending in the California State Court was removed to the California Federal Court. However, I am inclined to the view that, for priority purposes, the federal court to which a state court action is effectively removed has "possession of the cause of action" as of the date it was filed in the state court. There are numerous decisions that either expressly or impliedly hold that when a case is removed, the federal court takes it as though everything done in the state court had in fact been done in the federal court. That is to say, those proceedings which properly attached to the cause in state court (here, the filing and service of a complaint) are given effect by the federal court. Kieffer v. Travelers Fire Insurance Co., 167 F.Supp. 398 (D.Md. 1958) (federal court considers action "commenced" when filed in state court); [7] Talley v. American Bakeries Co., 15 F. R.D. 391 (D.Tenn.1954) (federal court gives effect to state court complaint which does not meet short and plain statement requirement of Federal Rule 8); Rehrer v. Service Trucking Co., 15 F.R.D. 113 (D.Del.1953) (federal court gives effect to demand for jury trial endorsed on state court complaint); Goade v. Vollrath, 81 F.Supp. 971 (W.D.Mo. 1948) (federal court gives effect to state court process). Furthermore, as a matter of common sense and fairness, the California action should have priority. Defendant's suit was the first suit filed to settle the controversy between the parties. It chose a perfectly proper forum in the State of California and served plaintiff with valid process. After this, there was nothing more defendant could do. Plaintiff then set the federal wheels in motion, both here and in California. By pure chance, or perhaps by calculated stratagem, this action was started by plaintiff shortly before it caused the defendant's case to be removed to the California Federal Court. Plaintiff cannot be heard to say that this suit has priority because it is the first *Federal* action when a perfectly valid suit on the same issues was already pending, and when the basis of its argument arises out of its own forum manipulations over which the defendant had no control.

■ Finally, plaintiff urges that the factor of convenience of witnesses, etc., requires the suit to be heard in Delaware. However, it is unnecessary to decide where the balance of convenience lies, because, in my view, all other factors being equal, it is for the Court having prior jurisdiction to determine this issue by way of a motion to transfer venue, 28 U.S.C. § 1404(a). Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 186, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Tivoli Realty, Inc. v. Interstate Circuit, Inc., 167 F.2d 155 (5th Cir., 1948), cert. denied, 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762 (1948); Massachusetts Mutual Life Insurance Co. v. Stern, 124 F.Supp. 695 (E.D.N.Y. 1954).

■ In situations where a direct and a declaratory action are pending on the same subject, courts are clothed with considerable discretion in untangling the proceedings. Seaboard Surety Co. v. Texas City Refining, Inc., 109 F.Supp. 468 (D.Del.1952). For the reasons given above, it is my conclusion that this controversy should be tried in California.[8] However, rather than dismiss the Delaware case, it will be stayed so that further applications may be made to this Court in the event that, for example, the

---

7. Contra, Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., 166 F.Supp. 319 (E.D.N.Y.1958).

8. Unless returned to Delaware under Sec. 1404(a) by subsequent order of the California Court.

California Federal Court decides, contrary to this opinion, that it has no jurisdiction to decide one or more of the issues involved.

Plaintiff's motion is denied and defendant's motion to stay is granted.