The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Plaintiff,

v.

Grace W. TROWBRIDGE and Barbara
T. Corbett, Defendants.

The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Plaintiff,

v.

Grace W. TROWBRIDGE and Barbara
T. Montgelas, Defendants.

Civ. Nos. 13640, 13641.

United States District Court,
D. Connecticut.

June 1, 1970.

S. Robert Jelley, of Wiggin & Dana, New Haven, Conn., for plaintiff in both actions.

Anthony E. Krug, Robert A. Gerlin and Richard G. Broderick, of Cross & Broderick, Stamford, Conn., for defendant Grace W. Trowbridge in both actions.

Peter M. Ryan and Paul D. Cullen, of McAnerney & Ryan, Darien, Conn., for defendant Barbara T. Corbett in Civ. No. 13640 and defendant Barbara T. Montgelas in Civ. No. 13641.

TIMBERS, Chief Judge.

Every once in a while, the Court is confronted with a dilemma—raised by counsel acting in the utmost good faith on behalf of their respective clients—the resolution of which would appear to be dictated more by common sense than by the books. This is one such dilemma.

## FACTS

The instant actions arise out of two single premium life insurance policies, each in amount of $50,000, issued by The Prudential Insurance Company of America (Prudential) on September 15,

1936 on the life of Arthur L. Trowbridge, payable on his death to certain of his children.

In December 1968, Mr. Trowbridge sought to change the beneficiaries under both policies so as to name his wife, Grace W. Trowbridge (Mrs. Trowbridge), the beneficiary under both policies. The effectiveness of this attempted change of beneficiaries is at issue in this litigation in this Court and in the Southern District of New York.

Mr. Trowbridge (decedent) died on March 7, 1969 in Darien, Connecticut, where his estate is being administered.

On October 22, 1969, Mrs. Trowbridge commenced an action in the Southern District of New York entitled Grace W. Trowbridge v. The Prudential Insurance Company of America, 69 Civ. 4623 (Southern District action), to recover the proceeds of the two policies to which she claims she is entitled. Prudential has appeared in that action but has not yet filed an answer.

On January 13, 1970, Prudential commenced in this Court the two instant interpleader actions (Connecticut actions): Civil Action No. 13640 names as defendants, Grace W. Trowbridge (decedent's widow) and Barbara T. Corbett (the only surviving child of decedent's daughter, Marjorie A. Nicholas, who originally was named as primary beneficiary under one of the policies and who predeceased decedent); Civil Action No. 13641 names as defendants, Grace W. Trowbridge and Barbara T. Montgelas (decedent's daughter who originally was named as primary beneficiary under one of the policies).

Prudential's purpose in bringing the interpleader actions is to obtain an adjudication of the conflicting claims which have arisen under the policies between decedent's widow and his daughter under one policy and between decedent's widow and his granddaughter under the other policy; it wishes to avoid exposure to double liability if the claimants pursue their claims in different courts; and as a stakeholder it has offered to pay the proceeds of the policies into court.

Prudential's instant motions in this Court seek to enjoin defendants herein. from instituting any other actions to recover the proceeds of the policies and to stay the Southern District action brought by Mrs. Trowbridge against Prudential or, in the alternative, to restrain Mrs. Trowbridge from proceeding with that action.

Mrs. Trowbridge, as defendant in each of the instant interpleader actions in this Court, in turn has moved to dismiss both actions or, in the alternative, to stay both actions on the ground that Prudential's claims herein should be asserted as compulsory counterclaims pursuant to Rule 13(a), Fed.R.Civ.P., in the Southern District action.

Defendants Barbara T. Corbett and Barbara T. Montgelas have taken no position with respect to the pending motions in the Connecticut actions.

Prudential is a New Jersey corporation, doing business in New York. Grace W. Trowbridge is a Connecticut citizen, residing in Darien. Barbara T. Corbett is a Connecticut citizen, residing in Norwalk. Barbara T. Montgelas is a Connecticut citizen, residing in Darien, as likewise are her issue, except that one of her married daughters, Daphne M. Cochran, lives in New York City.[1]

## OPINION

██ The Court believes that, if jurisdictionally feasible and absent venue objection, all claims arising out of the two life insurance policies should be adjudicated in the Southern District action which was commenced prior to the instant Connecticut actions, due regard also being given to the right of Mrs. Trowbridge to choose her own forum, as she has in the Southern District. Accordingly, subject to the outcome of the procedure ordered below, the Court is disinclined to stay the Southern District action or to restrain Mrs. Trowbridge from

---

1. This suggests the class action device to avoid both jurisdictional and venue problems. Rule 23, Fed.R.Civ.P.

proceeding therein. Landis v. North American Co., 299 U.S. 248, 254 (1936); National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43, 45, 46 (2 Cir. 1961); Joseph Bancroft & Sons Co. v. Spunize Co. of America, 268 F.2d 522, 524 (2 Cir. 1959); Lesnik v. Public Industrial Corp., 144 F.2d 968 (2 Cir. 1944); Leonard F. Fellman Co. v. Smith-Corona Marchant, Inc., 27 F.R.D. 263 (E.D.Pa.1961); see United States of America, for the use and benefit of D'Agostino Excavators, Inc. v. The Heywood-Robinson Company, Inc., and Maryland Casualty Company, 430 F.2d 1077 (2 Cir. 1970).

The papers before the Court on the instant motions are conflicting as to whether the defendants in the instant actions would oppose being interpleaded in the Southern District action pursuant to counterclaims by Prudential interposed as part of its answer yet to be filed in that action, and particularly as to whether the defendants herein would raise any venue objections 'if they were impleaded in the Southern District action. Strong representations by and on behalf of the defendants in the Connecticut actions have been made to the Court that no opposition or objections would be made by them to being impleaded in the Southern District action.

Without intimating any views as to the merits of such opposition or objections, this Court believes that the interests of the respective parties as well as the interests of justice will be best served by having adjudicated in one action—the prior Southern District action—all claims arising out of the two insurance policies here involved.

■ Accordingly, action by this Court on the presently pending motions will be held in abeyance to enable the parties to proceed as ordered below.

## ORDER

ORDERED that:

(1) Not later than June 22, 1970, Prudential shall serve and file, as part of its answer in the Southern District action, counterclaims interpleading therein all defendants in the Connecticut actions.

(2) Not later than July 13, 1970, defendants herein shall serve and file their replies to Prudential's counterclaims in the Southern District action, together with affidavits or other appropriate statements expressly and unequivocally waiving all objections to venue in said Southern District action.

(3) Within the time limits specified in paragraphs (1) and (2) above, all parties to the Connecticut actions shall serve and file any necessary motions in the Southern District action to effectuate the objectives of paragraphs (1) and (2) above.

(4) Not later than July 20, 1970, counsel for the respective parties to the Connecticut actions shall file with this Court appropriate statements, preferably by stipulation, advising either (a) that the steps specified in paragraphs (1) and (2) have been completed, or (b) if not, the reasons therefor.

(5) Pending receipt of the statements or stipulation called for in paragraph 4 above, the Court will hold in abeyance further action on the presently pending motions.

(6) The Court reserves jurisdiction herein for all purposes, pending further order of this Court.[2]

2. The Court wishes to emphasize that nothing in the foregoing order is intended, even by implication, to order any action whatsoever by the United States District Court for the Southern District of New York. This Court's order is directed solely to the *parties* to the pending actions in the Connecticut District Court, and to their counsel. And the order of course is intended to get proceedings off that dead center posture they seem to have gotten into.