**COMMERCE & INDUSTRY INSURANCE COMPANY, and American Home Assurance Company, Plaintiffs,**

v.

**CABLEWAVE LIMITED et al., Defendants.**

**No. 76 Civ. 301.**

United States District Court, S. D. New York.

March 31, 1976.

Rein, Mound & Cotton, New York City, for plaintiffs.

Guggenheimer & Untermyer, New York City, for defendants, Daleville Cablevision Inc., Fort Rucker Cablevision Inc., Cable Information Systems Inc., and Cable Information Services, Inc.; Robert E. Smith, New York City, of counsel.

John B. Wynne, New York City, for defendant, Chemical Bank.

Russo, Scher, Lawrence & Civacco, Great Neck, N. Y., for defendant, Federated Adjustment Co.; Robert A. Scher, Great Neck, N. Y., of counsel.

Lunney & Crocco, New York City, for defendants, Cablewave Limited, CATV Limited and Raymond Helbling; Michael J. McAllister, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

Plaintiff insurers, fearing themselves exposed to multiple liability under an insurance policy, filed this statutory interpleader action under 28 U.S.C. § 1335. Pursuant to 28 U.S.C. § 2361, they have moved to enjoin all actions, both pending

and future, against them on account of the policy and to require all potential claimants to come here to litigate their respective claims. Some of the named defendants support plaintiffs' motion, others oppose it. For the reasons stated below, the court denies the motion.

## I.

Plaintiff Commerce & Industry Insurance Company ("C & I") issued a casualty insurance policy to Intertie, Inc. ("Intertie"), on cable television systems located throughout the United States. By subsequent endorsements, the properties of Daleville Cablevision, Inc. ("Daleville"), and Fort Rucker Cablevision, Inc. ("Fort Rucker"), were added to the policy.[1] On September 23, 1975, while the policy was in effect, Hurricane Eloise struck and damaged the properties of Daleville and Fort Rucker located in Alabama.

In the wake of Eloise, C & I received correspondence from various parties claiming rights to recover under the policy.[2] Not knowing who, if anyone, was entitled to recover, C & I withheld payment pending an investigation into the facts. Two of the claimants, CATV Limited, on November 19, 1975, and Cablewave Limited, on November 28, 1975, brought suit on the policy against C & I and American Home Assurance Company ("American Home")[3] in the United States District Court for the Middle District of Alabama, each claiming to be entitled to nearly the full amount of the available insurance proceeds. C & I and American Home filed joint, and nearly identical, answers to both complaints. Shortly thereafter, C & I and American Home commenced this interpleader action,[4] naming as defendants all parties who have asserted claims against them as well as others they fear may assert claims.[5]

## II.

As reflected in the papers of all parties, the issuance of an injunction under 28 U.S.C. § 2361 is discretionary. See, e. g., *Koehring Co. v. Hyde Construction Co.,* 424 F.2d 1200, 1202 (7th Cir. 1970); *Holcomb v. Aetna Life Insurance Co.,* 228 F.2d 75, 82 (10th Cir. 1955),

---

1. An endorsement dated June 28, 1974, added the property of Daleville Cablevision, Inc., at Daleville, Alabama. By an endorsement, effective August 30, 1974, "other financially owned or financially controlled subsidiaries" of Intertie were added as insureds. Both Daleville and Fort Rucker were on the latter date wholly-owned subsidiaries of Intertie.

2. The particulars of the conflicting claims need not overly concern us. There is a dispute as to who now owns the assets of Daleville and Fort Rucker. In June of 1974, Intertie allegedly sold the assets of Daleville to Cablewave Limited and the assets of Fort Rucker to CATV Limited, both sales being subject to a prior security interest held by Cable Information Services, Inc. ("CIS"). When Intertie thereafter failed to satisfy its underlying debt to CIS, the latter, on October 15, 1975, allegedly purchased all of the assets and stock of both companies at a public foreclosure sale. This series of transactions gives rise to disputes as to who may be entitled to recover under the insurance policy issued by C & I to Intertie.

3. It does not emerge clearly from the papers what connection American Home may be

thought to have with the matters in dispute beyond being a member of the same insurance group as C & I.

4. There are other, seemingly related, actions involving some of the parties present herein. These include two state actions in Alabama in which some of the defendants here are parties and a federal bankruptcy proceeding in California involving Intertie, Daleville, and Fort Rucker. Since plaintiffs do not seek to enjoin these actions, the court has not considered them further in connection with the pending motion.

5. The additional parties named are:

(1) Mr. Raymond F. Helbling, the manager of the Daleville and Fort Rucker cable television systems, who may assert that he is entitled to reimbursement for repairs he allegedly made to the insured properties; (2) Federated Adjustment Co., which was hired by one set of claimants to appraise the amount of damage done by Eloise and thus possibly has a claim in the nature of a public adjuster's lien; and (3) Chemical Bank, which may have a claim pursuant to a security interest it allegedly holds in the assets of Fort Rucker and Daleville.

cert. denied, 352 U.S. 935, 77 S.Ct. 228, 1 L.Ed.2d 163 (1956); *Hickok v. Gulf Oil Corp.*, 265 F.2d 798 (6th Cir. 1959); 7 C. Wright & A. Miller, Federal Practice and Procedure § 1717, at 466 (1972). In the exercise of that discretion, the court is guided by the principles that (1) a federal court should not undertake lightly to enjoin proceedings in another federal court, see *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936), and *Sybil Ives, Inc. v. Helene Curtis Industries, Inc.*, 249 F.Supp. 865, 868 (S.D.N.Y.1965), and (2) interpleader relief may be denied if there is an adequate remedy elsewhere. See *Koehring Co. v. Hyde Construction Co., supra*, 424 F.2d at 1202.

■ It runs deep in our jurisprudence that "[t]he federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." *H. L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir. 1962), cert. denied, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963). Equally well settled is the proposition that the federal courts should "not be called upon to duplicate each other's work in cases involving the same issues and the same parties." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970), quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3rd Cir. 1941). Absent exceptional circumstances, the federal court first seized of an action should be the one to adjudicate it. See, e. g., *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 (2d Cir. 1965), cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961); *Prudential Insurance Co. v. Trowbridge*, 313 F.Supp. 428 (D.Conn.1970) (interpleader action). Adherence to this first-priority presumption is particularly

appropriate when, as in the Alabama actions, substantial time of the court and the litigants has been invested and an early trial is anticipated.[6] See *Polaroid Corp. v. Casselman*, 213 F.Supp. 379, 381 (S.D.N.Y.1962).

■ The federal interpleader remedy was created out of similar concerns to protect litigants from the hazards and burdens of multiple claims and duplicative litigation. See, e. g., *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270, 276 (1967); *Koehring Co. v. Hyde Construction Co., supra*, 424 F.2d at 1202. That plaintiffs here have correctly perceived their dilemma as one appropriate for interpleader relief, however, does not mean they should have such relief in a federal forum of their own choosing when an action concerning the same subject matter has already been commenced in another federal court where interpleader is equally available.

■ Interpleader may be asserted in an independent action or as a counterclaim. Fed.R.Civ.P. 22; 7 C. Wright & A. Miller, Federal Practice and Procedure § 1708, at 391 (1972). In the interest of judicial economy, if an action is already pending against a party who desires to interplead others, that party should proceed by way of a counterclaim under Fed.R.Civ.P. 13. See 3A J. Moore, Federal Practice ¶ 22.15, at 3129 (1974). Cf. *Prudential Insurance Co. v. Trowbridge, supra*. The plaintiffs here could have asserted—and perhaps still can assert—their interpleader claim in both Alabama actions, cf. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 n.2, 92 S.Ct. 1344, 1348, 31 L.Ed.2d 612, 619 (1971), but chose instead to come here with another, wholly independent action. In substantially identical circumstances, other judges of this Court have denied injunctions under 28 U.S.C. § 2361. See *Massachusetts Mutual Life*

---

**6.** The Alabama District Court has denied motions to dismiss for failure to state a claim made by C & I and American Home in both actions there and has their motions for summary judgment *sub judice*. Cablewave and

CATV have initiated limited documentary discovery in both actions. Trial of the actions is reportedly anticipated within the next month or so.

Insurance Co. v. Stern, 124 F.Supp. 695 (E.D.N.Y.1954); *Prudential Insurance Co. v. Trowbridge, supra.* The cited precedents seem sound and are applicable here.

Plaintiffs urge that the balance of convenience to parties and witnesses supports granting of the instant motion and having the interpleaded claims adjudicated here. The answer is that the balance of convenience actually favors the Alabama forum: the damage occurred in Alabama to the property of two Alabama corporations; three of the named defendants are citizens of Alabama; the law of Alabama is likely to govern the interpretation of the insurance policy, see Restatement (Second) of Conflict of Laws § 193, comments *f* and *g* at 613–14 (1971); both C & I and American Home are qualified to do business in Alabama. To be sure, there are countervailing factors supporting New York venue,[7] but they are insufficient to override the original choice of the Alabama forum. See *Prudential Insurance Co. v. Trowbridge, supra,* 313 F.Supp. at 429.

In any event, it is not for this court, brought into the fray as a second arena, to determine the choice of forum. That decision should and will be left to the federal court having prior jurisdiction, where the usual form of motion to transfer pursuant to 28 U.S.C. § 1404(a) may be employed to present the problem. See, e. g., *Ultronic Systems Corp. v. Ultronix, Inc.,* 217 F.Supp. 89, 92 (D.Del. 1963); *Massachusetts Mutual Life Insurance Co. v. Stern, supra,* 124 F.Supp. at 696.

For the reasons stated, plaintiffs' motion for an injunction is denied. It is so ordered.

---

7. Both C & I and American Home are New York corporations; all parties, other than CATV Limited, Cablewave Limited, and Raymond Helbling, favor the New York forum;

the adjusters who appraised the damage done by Eloise are both located in New York.

