REPUBLIC PRECIOUS METALS, INC., a California corporation, whose name has been changed to Columbia Rare Coin & Bullion Corp.; and F. Charles Lucas, Plaintiffs,

v.

REPUBLIC PRECIOUS METALS CORP., an Illinois corporation; and Sipi Metals Corp., an Illinois corporation, Defendants.

No. CIVIL 4–83–969.

United States District Court, D. Minnesota, Fourth Division.

Jan. 3, 1984.

---

Robert E. Boyle and Richard I. Diamond, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., for plaintiffs.

Joe A. Walters and Frank J. Walz, O'Connor & Hannan, Minneapolis, Minn., William I. Goldberg (of counsel), Antonow & Fink, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This diversity case is before the Court on plaintiffs' motion to transfer an action commenced in the United States District Court for the Northern District of Illinois to the District of Minnesota, or in the alternative, to enjoin defendants from proceeding with the Illinois action. Defendants oppose the plaintiffs' motion and contend that the instant action should be dismissed or stayed.

### FACTS

Plaintiff Columbia Rare Coin & Bullion Corp. (Columbia), a California corporation, with its principal place of business in Minnesota, operated a rare coin, bullion and flatware business. The other plaintiff, F. Charles Lucas, is the principal owner of Columbia. Defendant Sipi Metals Corp. (Sipi), an Illinois corporation, refines and markets precious metals. In February, 1983, Columbia and Sipi entered into an agreement whereby Columbia sold its flatware business to Sipi. The total purchase price for Columbia's flatware business was about $7 million, of which $1,096,329.70 was made payable pursuant to the terms of a nonnegotiable note (Note). As part of the sale, Sipi acquired the right to use Columbia's former name, Republic Precious Metals Inc.,[1] plaintiff Lucas entered into a consulting agreement with Sipi, and Columbia agreed not to compete with Sipi.

Through its subsidiary, Republic Precious Metals Corp., Sipi made regular interest payments on the Note from March 1, 1983 through October 1, 1983. It failed to make the interest payment due November 1, 1983. The Note provided that default

---

1. After the sale, Sipi formed a wholly owned subsidiary, Republic Precious Metals Corp., an Illinois corporation, to serve as the maker of the Note, and to operate the flatware business. Republic Precious Metals Corp. is the other named defendant in the case.

did not occur until a payment was five days late.

On November 3, 1983, Sipi and Republic Precious Metals Corp. brought an action against Columbia and F. Charles Lucas in the Northern District of Illinois. In that action, Sipi and Republic claim that Columbia and Lucas fraudulently induced Sipi to enter into the February, 1983 sale agreement, that Lucas breached the consulting and employment agreement with Sipi, and that Lucas and Columbia breached the noncompetition agreement with Sipi. Furthermore, Sipi alleges that Columbia intentionally interfered with its business relationships, wrongfully appropriated its customer lists, and violated the Illinois Consumer Fraud and Deceptive Business Practice Act and Illinois Unfair Deceptive Practice Act. Sipi has served Columbia with the complaint, but Columbia refuses to acknowledge service.

On November 10, 1983, Columbia filed the instant action. In their amended complaint, Columbia and Lucas claim that the defendants defaulted on the Note, and seek a declaratory judgment as to Lucas' compliance with the consulting agreement. In this motion, plaintiffs request that the Court transfer the action commenced in the Northern District of Illinois to the District of Minnesota, or in the alternative, enjoin defendants from proceeding with the Illinois action. In response, defendants assert that the Court lacks power to transfer the Illinois action. Defendants also request that the Court dismiss or stay the instant action.

DISCUSSION

■ Transfer of cases is governed by 28 U.S.C. § 1404(a). That statute does not give a district court power to transfer a case commenced in another jurisdiction. *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 46–47 (2d Cir.1961). Since the Court lacks the power to transfer the Illinois action, the Court must now determine whether the defendants should be enjoined from proceeding with the Illinois action.

The plaintiffs urge the Court to enjoin the defendants from proceeding with the Illinois action for a variety of reasons. First, plaintiffs assert that since Columbia has refused to acknowledge service of the complaint in the Illinois action, the Minnesota action should be given priority over the Illinois action. The Court does not accept plaintiffs' argument which seems to be nothing more than an attempt to manipulate the service of process rules. Rather, the Court finds that the Illinois action was the first filed case and has priority over the Minnesota action.

Plaintiffs also argue that it would be unfair to allow defendants to benefit from "racing to the courthouse" during the five-day grace period when Columbia could not initiate an action against the defendants for default on the Note. While this argument has some appeal, the defendants point out that they could have filed the Illinois action at any time without regard to the due date of any payment under the Note. Plaintiffs further argue that the Illinois action should be enjoined because the Note specifies that the parties will submit to the jurisdiction of a Minnesota state court, or a federal court sitting in Minnesota, and that Minnesota law will apply to any disputes concerning the Note. However, this choice of law provision is permissive only and does not *require* that suit be brought in Minnesota. *See Wilmot H. Simonson Co. v. Green Textile Associates, Inc.*, 554 F.Supp. 1229 (N.D.Ill.1983). In addition, the choice of law provision does not apply to the consulting agreement and noncompetition agreements which are also involved in this dispute.

■ Finally, the plaintiffs contend that Minnesota is a more convenient forum than Illinois because a large number of potential witnesses reside in Minnesota. But the relative convenience of the two forums is an issue properly addressed to the court in the forum that is alleged to be inconvenient. *See Tivoli Realty, Inc. v. Interstate Circuit*, 167 F.2d 155 (5th Cir.), *cert. denied*, 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762 (1948); *Commerce & Industry*

*Insurance Co. v. Cablewave Ltd.,* 412 F.Supp. 204, 208 (S.D.N.Y.1976). For these reasons, the Court denies plaintiffs' motion to enjoin defendants from proceeding with the Illinois action.

The only remaining issue is whether the Court should stay or dismiss the instant action. Both the action commenced in Illinois and the instant action involve essentially the same claim. The plaintiffs' claim in the instant action would apparently be a compulsory counterclaim in the Illinois action because the claim arises out of the same transaction or occurrence that is the subject matter of the defendants' claim in the Illinois action, and the claim does not require the presence of third persons over whom the Illinois court cannot acquire jurisdiction. *See* Federal Rule of Civil Procedure 13(a).

It has been suggested that when a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit the court should stay its own proceedings or dismiss the claim. 6 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1418 (1971). *See also Sun Shipbuilding & Dry Dock Co. v. Virginia Electric & Power Co.,* 69 F.R.D. 395, 396–98 (E.D.Pa.1975); *Leonard F. Fellman Co., Inc. v. Smith-Corona Marchant Inc.,* 27 F.R.D. 263, 264 (E.D.Pa.1961). The Court will follow this approach and stay the present proceedings.[2] This stay will effectuate the well-reasoned approach set forth in *Commerce & Industry Insurance Co. v. Cablewave Ltd.,* 412 F.Supp. 204, 208 (S.D.N.Y.1976), where the court stated:

> [I]t is not for this court, brought into the fray as a second arena, to determine the choice of forum. That decision should and will be left to the federal court having prior jurisdiction, where the usual form of motion to transfer pursuant to 28 U.S.C. § 1404(a) may be employed to present the problem.

Accordingly, IT IS ORDERED, that plaintiffs' motion to transfer the action commenced in the United States District Court for the Northern District of Illinois, or in the alternative, to enjoin defendants from proceeding with that action is denied.

IT IS FURTHER ORDERED that defendants' motion to stay this action is granted.

---

**2.** Nothing in this order is intended to prevent the plaintiffs from bringing a motion before the court in the Northern District of Illinois to transfer the Illinois action to Minnesota. If the Illinois court grants such a motion, the Court will lift its stay.