**REPUBLIC TELCOM CORPORATION, a Minnesota corporation, Plaintiff,**

v.

**TELEMETRICS COMMUNICATIONS, INC., a Texas corporation, Elfab Corporation, a foreign corporation, Defendants.**

**Civ. No. 4–86–69.**

United States District Court, D. Minnesota, Fourth Division.

April 30, 1986.

---

Kevin W. Rouse and Jeffrey L. Sikkema, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

R. Lawrence Purdy and Susan E. McGrath, Fetterly & Purdy, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Republic Telcom Corporation (Republic) brought this action against defendants Telemetrics Communications Incorporation (Telemetrics) and Elfab Corporation (Elfab), alleging breach of contract, breach of warranty, negligence, and fraud. It seeks compensatory and punitive damages, as well as costs and equitable relief. Jurisdiction is alleged under 28 U.S.C. § 1332. The matter is now before the court upon the motion of defendants to dismiss or, alternatively, to stay these proceedings.

*Background*

Republic is a Minnesota corporation which sells long-distance telephone service to the general public. Telemetrics, a Texas corporation, manufactures and sells equal access interface equipment to long-distance telephone companies. Elfab is the parent company of Telemetrics and it manufactures and sells printed circuit pressfit backpanel systems, connectors, and electronics. In 1984, Republic and Telemetrics entered into an agreement whereby Republic was to buy an equal access interface system designed and made by Telemetrics for use in Republic's long distance system.

On January 23, 1986 an action was filed by Telemetrics against Republic in the United States District Court for the Northern District of Texas alleging breach of contract. In the Texas suit, Telemetrics seeks payment from Republic for systems and spare parts which were allegedly ordered or delivered, but were not paid for. Republic subsequently filed a motion to dismiss, stay, or transfer the action to this district.

On January 27, 1986, Republic filed this action. It alleges that the systems which were delivered did not function properly and that Telemetrics misrepresented the qualities of the interface system.

*Discussion*

Defendants contend that a dismissal or stay of this action is proper because this case involves claims which should be compulsory counterclaims in a prior action pending in federal court. The general rule is that when an action before a court "involves a claim that should be a compulsory counterclaim in another pending federal suit the court should stay its own proceedings or dismiss the claim." *Republic Precious Metals, Inc. v. Republic Precious Metals Corp.*, 575 F.Supp. 1256, 1259 (D.Minn.1984). There is a sound basis for this approach:

[I]t is not for this court, brought into the fray as a second arena, to determine the choice of forum. That decision should and will be left to the federal court having prior jurisdiction, where the usual form of motion to transfer pursuant to 28 U.S.C. § 1404(a) may be employed to present the problem.

*Id.* (quoting *Commerce & Indus. Ins. Co. v. Cablewave Ltd.*, 412 F.Supp. 204, 208 (S.D.N.Y.1976)).

In the instant case it is undisputed that the Texas suit was filed first. It also appears that Republic's claims in this suit would be a compulsory counterclaim in the Texas action. *See* Fed.R.Civ.P. 13(a).

Republic does not contest these points, but it contends that several other factors weigh against a stay. In particular, it asserts that the Texas case was assigned to a judge who had yet to be sworn in and that Minnesota is a more convenient forum for the parties and the non-party witnesses.

After carefully considering the parties' positions, the court concludes that this action should be stayed. There is no indication that the action in Texas will not be heard in a timely fashion. Republic noted that the Honorable Sidney Fitzwater was scheduled to be sworn in on April 21, 1986. Nor is there any indication that Republic will be unduly prejudiced if some short delay should occur.[1] More importantly, a stay prevents two cases arising out of the same situation from proceeding in both Minnesota and Texas and conserves the time and resources of the parties and the courts.

Because the court finds that a stay is proper, it need not consider that part of defendants' motion which seeks dismissal of Elfab for lack of jurisdiction and failure to state a claim.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of defendants for a stay is granted pending decision of the motion of Republic Telecom Corporation to dismiss, stay, or transfer in the Northern District of Texas action entitled *Telemetrics Communications Incorporated v. Republic Telecom Corporation*, CA3-86-0239D.

IT IS FURTHER ORDERED that counsel notify this court as soon as the motion in Texas is decided.

---

1. Nothing in this Memorandum Opinion and Order is intended to prevent plaintiff from bringing a motion to lift the stay if any delay in hearing the matter should become extended.