**Lawrence BAGDAN, Karen Bagdan and David Bagdan, Plaintiffs,**

v.

**SONY CORPORATION OF AMERICA, d/b/a Sony Consumer Sales and Sony Corporation of America, Defendants.**

Civ. A. No. 90–298.

United States District Court, D. Vermont.

May 31, 1991.

Michael J. Harris, Paul, Frank & Collins, Burlington, Vt., for plaintiffs.

Andre D. Bouffard, Downs, Rachlin & Martin, Burlington, Vt., for defendants.

## OPINION AND ORDER

PARKER, District Judge.

Sony Corporation of America (Sony) moves to dismiss this diversity action, or in the alternative to stay the proceedings during the pendency of a state court action filed by Sony against the plaintiffs in Florida. We agree that the present action should be stayed on abstention grounds in deference to the pending Florida state court action and accordingly GRANT the motion to stay.

## BACKGROUND

Beginning in 1974, Sony entered into distributorship agreements with Overlake Distributors, Inc. (Overlake), a Vermont corporation, for distribution of Sony consumer electronic products. As a condition of these agreements, Sony required Overlake's shareholders to guarantee all of Overlake's debts to Sony. All three plaintiffs signed such guaranties.

The relationship between Sony and Overlake deteriorated when the distributorship agreement terminated in March of 1989. Litigation ensued. In May 1989, Overlake brought suit against Sony in Vermont state court seeking damages arising from Sony's alleged misrepresentations. That action was removed by Sony to the United States District Court for the District of Vermont. In June 1989, Sony sued Overlake in the United States District Court for the District of New Jersey to recover moneys it claimed were owing under the distributor-

ship agreement. In October 1989, an involuntary Chapter 7 bankruptcy petition was filed against Overlake in the federal bankruptcy court in Vermont. Both the Vermont and New Jersey actions were stayed as a result; subsequently the latter was "administratively terminated" without prejudice. Upon Overlake's motion, the bankruptcy case was converted to a Chapter 11 reorganization proceeding.

In February 1990, Sony filed suit in Florida state court against the Bagdans—who had since moved to Florida—on the guaranties. The Bagdans had the guaranty action removed to federal bankruptcy court in Florida and moved for its transfer to the bankruptcy court in Vermont. In August 1990, the Florida bankruptcy court denied the motion to transfer and remanded the action to Florida state court, where it is now pending.

The present lawsuit was filed by the Bagdans in November 1990 in this Court. The complaint acknowledges Overlake's debt to Sony and plaintiffs' liability for the debt under the guaranties, but seeks declaratory judgments as to a number of defenses to liability. Plaintiffs allege—and we assume as true for purposes of this motion—that during the course of the parties' relationship, "SONY made various promises and representations to Overlake explicitly and/or implicitly confirming SONY's intent to maintain Overlake as a long-term distributor," and that the Bagdans relied on Sony's failure to disclose its intent to terminate the distributorship agreement. Count I seeks a declaratory judgment that Sony's failure to disclose "constitutes a defense for the Bagdans relieving them either in whole or in part, of any liability they might otherwise have to SONY under their guaranties." Count II seeks a declaratory judgment that the Bagdans may invoke the doctrine of equitable estoppel as a defense. Count III seeks a declaratory judgment on the availability to plaintiffs/guarantors of various defenses that Overlake might have raised to liability under the distributorship agreements. Counts IV and V request damages under theories, respectively, of fraudulent or negligent concealment of material facts and breach of implied covenant of good faith.

## DISCUSSION

█ In limited circumstances, a federal district court may elect to stay or dismiss an action before it in light of parallel state court litigation, even where traditional abstention principles are absent, "for reasons of wise judicial administration." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). An overview of this doctrine was provided recently in *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir.1989):

There are several traditional categories of abstention. *See Younger v. Harris*, 401 U.S. 37, 43–57 (1971) (pending state criminal proceeding); *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943) (abstention appropriate to avoid interference with attempts to establish coherent state policy and issues of peculiarly local concern); *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 498 (1941) (federal court should abstain to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law). In *Colorado River* the Supreme Court held that abstention may be called for in cases involving "exceptional circumstances" that do not fit neatly within the above enumerated categories. *See* 424 U.S. at 817. This doctrine was more fully developed in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). It now requires examination of six factors: (1) assumption of jurisdiction over a *res;* (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights.

(Parallel citations omitted.)

In several recent decisions, this Circuit has affirmed rulings by district courts to stay lawsuits on *Colorado River* abstention grounds. See *De Cisneros*, 871 F.2d at 309; *General Reinsurance Corp. v.*

*CIBA–Geigy Corp.,* 853 F.2d 78, 82 (2d Cir.1988); *Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.,* 806 F.2d 411, 415 (2d Cir.1986). None of these cases involved jurisdiction over a res; all involved state law issues on the merits and the "critical factor" of avoiding piecemeal litigation. Thus, in *Lumbermens,* where an insurer filed a declaratory judgment action in federal court against an asbestos product manufacturer who had been sued by other insurers in state court on identical issues, the court stated: "It is true that the order in which the courts obtained jurisdiction over Lumbermens weighs against a stay.... The critical factor to us, however, is the desirability of avoiding piecemeal litigation and the possibility of two interpretations of the same policy language in different courts...." 806 F.2d at 414. See also *De Cisneros,* 871 F.2d at 307–08; *CIBA–Geigy,* 853 F.2d at 81 ("risk of piecemeal litigation is real and should be avoided").

██ The factors favoring abstention in the present case are compelling. Most notably, the Bagdans' complaint seeks, in three of its five counts, declaratory judgments from this Court on the availability of certain defenses, none of which raise issues of federal law, to Sony's state court action. Filing a declaratory judgment action in federal court to resolve state-law issues currently pending in a state court is certainly a peculiar and uneconomical manner of resolving disputes, and any judgment rendered by this Court would hardly accord appropriate deference to the state court in the interests of comity. See *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 17 n. 20, 103 S.Ct. 927, 937 n. 20, 74 L.Ed.2d 765 (1983) (dicta) (Court found "considerable merit" to the "reasoning ... that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*"). While the remaining two counts seek damages for wrongful conduct, they nevertheless appear to be compulsory counterclaims to Sony's lawsuit in Florida and should be fully litigated in that court in accordance with this Circuit's admonition against piece-meal litigation. See *Commerce & Industry Ins. Co. v. Cablewave Ltd.,* 412 F.Supp. 204, 207 (S.D.N.Y.1976).

Which forum is most convenient for the parties is a matter of some dispute. Sony is based in New Jersey but operates throughout the country and Vermont would appear to offer no special convenience over Florida. The Bagdans reside in Florida, suggesting that state as a convenient forum. They argue, however, that Florida is less convenient for them than Vermont because they have already assembled and shipped to Vermont voluminous business records for use in the Vermont bankruptcy proceedings. Essentially they argue that this lawsuit properly should be consolidated with the Vermont bankruptcy case. Plaintiffs made the same argument, however, to the United States Bankruptcy Court in Florida, which, as noted above, refused to transfer the matter to Vermont and remanded it to Florida state court.

The final three factors listed in *De Cisneros* all support issuance of a stay. Jurisdiction was obtained in the Florida state court months prior to the commencement of the present suit. Indeed, this lawsuit was filed after the Bagdans unsuccessfully sought to have Sony's state court action against them removed to federal court and transferred to the District of Vermont. Although little progress appears to have been made in the state court action (an answer has been filed), it is more than has occurred here, where only the complaint and present motion have been filed. No substantive federal law issues arise in the case. And no suggestion is made that the state proceeding is inadequate to protect the federal plaintiffs' rights. As we have said, all the claims made here are defenses or counterclaims in the state action.

For the foregoing reasons, we conclude that exceptional circumstances under *Colorado River* warrant the issuance of a stay in deference to the parallel state court proceedings.