228 F.2d 75
 Leona HOLCOMB, individually; Leona Holcomb, as guardian of
the person and estate of Donald George Fleming, a minor;
Donald George Fleming, a minor; Edward Denham, Frank T.
Denham, George Denham, Clarence M. Denham and mary Jane
Hopkins, Appellants,
v.
AETNA LIFE INSURANCE COMPANY, a corporation, Appellee.
 No. 5056.
 United States Court of Appeals Tenth Circuit.
 Aug. 3, 1955.
Rehearing Denied Sept. 29, 1955.
Writ of Certiorari Denied March 12, 1956.
See 76 S.Ct. 473.
 
 Glenn O. Young and Glenn A. Young, Sapulpa, Okl. (H. K. Glunt, David Young and John W. Young, Sapulpa, Okl., were with them on the brief), for appellants Leona Holcomb, individually, Leona Holcomb, as guardian of the person and estate of Donald George Fleming, a minor, Donald George Fleming, a minor, Ed Denham and Frank Denham.
 Glenn O. Young and Glenn A. Young, Sapulpa, Okl. (John W. Young and David Young, Sapulpa, Okl., were with them on the brief), for appellants George Denham, Clarence Denham, and Mary Jane Hopkins.
 Robert J. Woolsey, Tulsa, Okl. (Farmer, Woolsey, Flippo & Bailey, J. C. Farmer, Otho Flippo, and J. B. Bailey, Tulsa, Okl., were with him on the brief), for appellee.
 Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.
 BRATTON, Circuit Judge.
 
 
 1
 This action in the nature of interpleader was instituted in the United States Court for Northern Oklahoma by Aetna Life Insurance Company, sometimes hereinafter referred to as Aetna, against Leona Holcomb, individually and as guardian of the person and estate of Donald George Fleming, a minor, Donald George Fleming, a minor, Leona Denham Holcomb, Frank T. Denham, Edward Denham, Clarence M. Denham, George N. Denham, Rufus Denham, Marion Denham, Lewis Denham, Marion Rettenmeyer, Frank X. Rettenmeyer, Raymond D. Rettenmeyer, Mary Jane Hopkins, and Ellen Cash.
 
 
 2
 It is alleged in the complaint and the amendment thereto, considered as a single pleading, that plaintiff is a corporation organized under the laws of Connecticut; that the defendants Leona Holcomb, individually and as guardian of the person and estate of Donald George Fleming, a minor, Donald George Fleming, a minor, Edward Denham, Frank T. Denham, George N. Denham, Leona Denham Holcomb, and Mary Jane Hopkins are residents and citizens of Oklahoma; that the remaining defendants are residents and citizens of states other than Connecticut and Oklahoma; that more than $3,000 exclusive of interest and costs is in controversy; and that the defendants who are residents and citizens of Oklahoma, on one hand, claim adversely to those who are residents and citizens of other states, on the other hand. It is further alleged that plaintiff is engaged in the insurance business; that is entered into a contract of annuity insurance with Rosa B. Wright Rettenmeyer, for which the annuitant paid a premium of $162,606; that by the terms of such contract of insurance, plaintiff was to pay to Rosa B. Wright Rettenmeyer $1,000 per month during the remainder of her life; that upon her death, plaintiff was to pay $1,000 per month to her husband, Joseph A. Rettenmeyer; and that upon the death of Joseph A. Rettenmeyer, plaintiff was to pay to Rufus Denham, Marion Denham, Lewis Denham, Marion Rettenmeyer, Frank X. Rettenmeyer, Raymond D. Rettenmeyer, and Ellen Cash, each $123.07 monthly, and pay to Frank T. Denham, Edward Denham, Clarence M. Denham, George N. Denham, Leona Denham Holcomb, and Mary Jane Hopkins, each $23.08 monthly, until the amount paid should equal the amount of the premium. It was further alleged that Rosa B. Wright Rettenmeyer died testate; that her will was admitted to probate in the County Court of Creek County, oklahoma; that First National Bank & Trust Company of Oklahoma City, Oklahoma, sometimes hereinafter referred to as the Bank, was appointed executor; and that Joseph A. Rettenmeyer died. It is further alleged that in the probate proceeding involving the estate of Rosa B. Wright Rettenmeyer, deceased, Leona Holcomb, individually and as guardian of the person and estate of Donald George Flaming, a minor, Ed Denham, Frank Denham, George Denham, Clarence Denham and Mary Jane Hopkins, filed a pleading in the nature of a petition in intervention in which they attacked the validity of the contract of annuity insurance and sought for the benefit of the estate to recover as against Aetna and the Bank the $162,606 which had been paid as a premium thereon; that the parties thus intervening in the probate proceeding filed in the District Court of Creek County, Cause No. 29092 against Aetna, the Bank, and others; that the same complaining parties instituted in the District Court for Tulsa County, Oklahoma, Cause No. 87402 against Aetna, the Bank, and others; that in both cases then pending in the state district courts, the complainants attacked the validity of the contract of annuity insurance and sought to recover for the benefit of the estate of Rosa B. Wright Rettenmeyer the amount of the premium paid for such contract; that the contract of annuity insurance was purchased by Rosa B. Wright Rettenmeyer with the proceeds of the United States bonds mentioned and referred to in the petition in the case in the District Court of Creek County; and that payments in the aggregate amount of $39,000 were made under the contract of annuity insurance to Rosa B. Wright Rettenmeyer or to her duly appointed guardian during her life and to Joseph B. Rettenmeyer after her death. It is further alleged that the beneficiaries named in the contract of annuity insurance who are not parties to Cause No. 29092 and Cause No. 87402, namely Raymond D. Rettenmeyer, Frank X. Rettenmeyer, Lewis Dunham, Marion Denham, Rufus Denham, and Ellen Cash, are claiming and may claim to be entitled to the monthly payments as provided in such contract of insurance after the death of Joseph A. Rettenmeyer; that by reason of such divergent claims a conflict has arisen as to which of the defendants are entitled to payment of their respective claims; and that plaintiff has been and may be subjected to vexatious and multitudinous suits and be further subjected to multiple payments in the event all of the defendants should prevail upon their claims against plaintiff. A copy of an order entered by the county court declining to direct the executor to take steps to recover for the estate the amount which had been paid as the premium on the contract of annuity insurance, copies of the petition and the amended petition in Cause No. 29392, and a copy of the petition in Cause No. 87402, are attached to the complaint and made parts thereof. The prayer of the complaint is that the defendants be restrained from instituting any action against plaintiff, or from prosecuting any pending action or actions against plaintiff, for the recovery of the proceeds of the contract of annuity insurance, or any part thereof, until the further order of the court; that the defendants be required to interplead and settle among themselves their rights to the amount of such contract of insurance; that plaintiff be discharged from all liability in the premises except to the person whom the court should adjudge entitled to the amount of such contract of insurance; and that plaintiff have all other equitable relief to which it was entitled.
 
 
 3
 The court entered an order restraining and enjoining the defendants from instituting or prosecuting further any suit in a state court, and from instituting or prosecuting any suit or proceeding in any United States Court, on account of or pertaining to the contract of annuity insurance, reserving unto the defendants however the right to appear in this cause and assert any claim which they may have. Motions were filed to vacate the injunctive order, to strike certain parts of the complaint, and to dismiss the action. And answers were filed. The court entered an order vacating the temporary restraining order previously entered insofar as it restrained any judicial proceedings or actions of any kind against any one except Aetna. In all other respects, the motions were denied. The court entered a third order. It recited that confusion had arisen in respect to the two previously entered orders. And it provided among other things that in order to clarify and construe such previously entered orders, the defendants were restrained and enjoined as against Aetna from instituting or further prosecuting any suit or proceeding on account of or pertaining to the contract of annuity insurance, including particularly Cause No. 29092, pending in the District Court of Creek County, and Cause No. 87402 pending in the District Court of Tulsa County. The defendants Leona Holcomb, individually and as guardian of the person and estate of Donald George Fleming, a minor, Donald George Fleming, a minor, Frank T. Denham, Edward Denham, Clarence M. Denham, George N. Denham, and Mary Jane Hopkins, appealed. The defendants Rufus Denham, Lewis Denham, Marion Denham, Frank X. Rettenmeyer, Raymond D. Rettenmeyer, Marion Rettenmeyer, and Ellen Cash did not appeal.
 
 
 4
 The order appealed from is challenged on the ground that the issuance of the injunction constituted a violation of 28 U.S.C.A. § 2283 which provides that a court of the United States may not grant an injunction to stay a proceeding in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments. The statute embodies the long-standing wholesome policy of avoiding needless friction between state and federal courts. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100; Porter v. Dicken, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203. But it is to be observed that the interdiction contained in the statute upon the power of a court of the United States in respect to the issuance of an injunction is not absolute and without exception. The statute contains three separate and distinct exceptions from its sweep. One of such exceptions is instances in which Congress has expressly authorized the granting of an injunction to restrain parties from prosecuting a proceeding in a state court. In virtue of such exception, the statute does not forbid the issuance of an injunction to restrain the prosecution of an action in a state court where its issuance has been expressly authorized by Act of Congress.
 
 
 5
 While denominated an order construing the restraining orders previously entered in the case, the effect of the order in question is to enjoin the defendants from further prosecuting as against Aetna two specified and particularized cases pending in state courts. And entry of the order is forbidden by 28 U.S.C.A. § 2283 unless it is an order falling within the purview of an authorizing Act of Congress. It therefore becomes appropriate to inquire whether the order does fall within the scope and meaning of an Act of Congress authorizing its issuance. In approaching the inquiry, attention must be focused upon two statutes. In presently pertinent part, 28 U.S.C.A. § 1335 provides that the district courts shall have original jurisdiction of civil actions of interpleader or in the nature of interpleader filed by any corporation having in its custody or possession money of the value of $500 or more, or having issued a certificate, or policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment of money of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if two or more adverse claimants, of diverse citizenship as defined in section 1332 of the title, are claiming or may claim to be entitled to such money, or to any one or more of the benefits arising by virtue of any certificate, policy, or other instrument, or arising by virtue of any such obligation, and if plaintiff has deposited in the registry of the court such money or the amount due under such obligation, there to abide the judgment of the court, or has given bond payable to the clerk in such amount and with such surety as the court or judge may deem proper, conditioned upon compliance by plaintiff with the future order or judgment of the court; and that such action may be entertained although the title or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another. And in presently pertinent part, 28 U.S.C.A. § 2361 provides that in any civil action of interpleader or in the nature of interpleader under section 1335 of the title, the district court may enter its order restraining the defendants from prosecuting any proceeding in any state court affecting the property, instrument, or obligation involved in the interpleader action until the further order of the court. The order, entered in an action in the nature of interpleader, is one expressly authorized by Act of Congress and therefore does not contravene 28 U.S.C.A. § 2283.
 
 
 6
 It is urged that the trial court was without jurisdiction of the cause and hence the restraining order in question is infirm for the reason that there is no identity of property, instrument, or obligation between the conversion actions in the state courts and this action in the nature of interpleader. The argument is that the two actions in the state court are straight suits for conversion of United States bonds; that no reference is made in the amended petition in the action in the District Court of Creek County, or in the original petition in the action in the District Court of Tulsa County, to the contract of insurance or to the premium paid therefor; and that therefore there is complete want of identity of property, instrument, or obligation between such suits and this action. The further argument is that since the contract of insurance contained an incontestable provision, the outcome of the cases in the state courts and the obligation of Aetna under the contract of insurance are wholly unrelated matters. It is said that whether Aetna prevails or loses in the state court, it still must make payments under the contract of insurance; and that therefore Aetna is not being subjected to vexatious and multitudinous claims. Rule of Civil Procedure 22, 28 U.S.C., provides that persons having claims against plaintiff may be joined as defendants and required to interplead when their claims are such that plaintiff is or may be exposed to double or multiple liability; that it is not ground for objection to the joinder that the claims of the several claimants do not have a common origin or are not identical but are adverse and independent of each other, or that plaintiff avers that he is not liable in whole or in part to any or all of the claimants; and that the remedy therein provided is in addition to and in no way supersedes or limits the remedy provided by 28 U.S.C.A. §§ 1335, 1397, and 2361. The substance of the cause of action pleaded in the complaint in this case is that the premium which Aetna received for the contract of insurance was paid with the proceeds of certain United States bonds; that in each of the cases pending in the state courts, plaintiffs-- being part of the defendants here-- pleaded that certain United States bonds were wrongfully converted from Rosa B. Wright Rettenmeyer; that the bonds from which the proceeds were used to pay the premium on the contract of insurance and the bonds referred to in the actions in the state courts are the same bonds; and that in the event plaintiffs should prevail in the state courts and the annuitants under the contract of insurance who are not parties to the actions in the state courts should also prevail upon their claims for benefits under the contract of insurance, Aetna will be subjected to double payment for a single liability. Stated otherwise, the cause of action as pleaded in the complaint is that two claims are being asserted against Aetna; and that in the event both are pressed with success, Aetna will be compelled to make double payment in connection with a single liability. If plaintiffs should prevail in either action in the state court, the effect will be to require or compel Aetna to part with the premium which it received for the contract of insurance. And in the event that after parting with such premium, Aetna should be compelled to make or continue to make payments to annuitants under the contract of insurance, it will be subjected to multiple payments. If Aetna is under only a single liability, the claim asserted against it in the state courts and the claim of annuitants for payment or continued payment of specified sums under the terms of the contract of insurance necessarily in contemplation of law negate each other and are adverse each to the other. The two claims being asserted against Aetna are not completely unrelated to each other in the sense that they may not be pleaded as the basis for equitable relief in the nature of interpleader. And whether Aetna is under only a single liability, whether the requirement in effect that it surrender back or part with the premium which it received for the contract of insurance would operate to terminate or extinguish such contract with no further liability on the part of Aetna to make payments to annuitants, whether Aetna is being and will be subjected to vexatious claims which negate each other, and whether it is in danger of being compelled to make multiple payments in connection with a single liability, are questions which cannot be adjudicated with finality and conclusiveness as to all parties in interest in either of the cases pending in the state courts. They are justiciable questions appropriate for determination in an action in the nature of interpleader. State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817; Standard Surety & Casualty Co. of New York v. Baker, 8 Cir., 105 F.2d 578; Equitable Life Assurance Society of United States v. Maloney, D.C., 85 F.Supp. 212.
 
 
 7
 Another contention presented is that the injunction should be vacated because appellants cannot make their claim of conversion in this action in the absence of the executor of the estate of Rosa B. Wright Rettenmeyer, a co-citizen of appellants whose joinder would defeat jurisdiction. In the two actions in the state courts, the Bank was sued both as a banking corporation and as executor of the estate of Rosa B. Wright Rettenmeyer. The Bank, as a corporation, filed in this action in the nature of interpleader its motion for leave to intervene together with a tendered complaint in intervention. But in filing the motion and tendering the complaint, the Bank acted only in its capacity as a banking corporation. It did not purport to act in its capacity as executor. But the presence of the Bank as executor is not essential to the jurisdiction of the court. Aetna is a party. The liability for conversion asserted against Aetna in the state courts is joint and several. And that liability may be asserted against Aetna in this action without the Bank as executor being a party. We fail to perceive that the absence of the Bank in its capacity as executor as a party to the action constitutes any impediment to the jurisdiction of the court.
 
 
 8
 Two further contentions advanced for reversal of the order may be considered together. One is that the action in the nature of interpleader is governed by equitable principles; that Aetna stands in the position of a joint tortfeasor; that it does not come into court with clean hands; and that equity will not extend relief to a joint tort-feasor against the consequences of its own wrong. The other is that the injunction should be vacated because Aetna is not acting in good faith in seeking the interpleader in which the injunction was issued. A proceeding in the nature of interpleader is one in equity and is governed by equitable principles. Texas v. Florida, supra. A tort-feasor cannot obtain protection in an action in the nature of interpleader against the consequences of its own wrong. Mallory Steamship Co. v. Thalheim, 2 Cir., 277 F. 196. And a complainant in an action in the nature of interpleader must act in good faith. But the facts pleaded in the complaint do not disclose a tort on the part of Aetna. Neither does the complaint disclose on its face any lack of good faith on the part of Aetna in instituting the action. While the position of the appealing defendants has been throughout that Aetna converted or participated in the conversion of the bonds belonging to Rosa B. Wright Rettenmeyer and that it has not acted in good faith in instituting the action, the cause has not been tried and there has not been a finding or determination of tort on the part of Aetna or any lack of good faith on its part in the institution of the action. And unless or until such issues have been tried, the contentions presently presented on appeal are premature.
 
 
 9
 Next comes the contention that the injunction should be vacated because Aetna made no bond for its issuance and did not deposit the amount of the pretended res which it alleges to be the subject of the hypothetical controversy, and that it secured the injunction without notice, hearing, or evidence, in violation of due process. Aetna submitted a bond in the sum of $25,000, conditioned as required by 28 U.S.C.A. § 1335. The record before us does not indicate that any order was entered in advance fixing the amount of the bond. But the court approved the tendered bond, and that approval brought within its operative scope approval of the amount and adequacy of the bond and the sufficiency of the surety subscribing thereto. The order appealed from was entered long after the filing of the bond, and no new or additional bond was filed as a prerequisite to the entry of such order. But the filing of a new bond was not necessary. The defendants may have resort to the bond on file for any damage up to the amount of such bond which they may suffer in consequence of the improvident entry of the restraining order from which the appeal was perfected. Rule of Civil Procedure 65, 28 U.S.C., provides in part that no preliminary injunction shall be issued without notice to the adverse party; and that no temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. And it further provides among other things that the rules do not modify the provisions of 28 U.S.C. § 2361 relating to preliminary injunctions in actions in the nature of interpleader. No written notice was given in advance of the entry of the order from which the appeal was taken. But the appealing defendants and appeared and pleaded in the case, and they were advised in open court that the order would be entered. Entry of the order in such circumstances did not contravene Rule 65, supra, or the exactions of due process.
 
 
 10
 The remaining contention which merits discussion is that the court abused its discretion in enjoining the defendants from prosecuting the two cases in the state courts. Judicial discretion in a case of this kind is the power exercised by the court to determine a question to which no strict rule of equity is applicable. It is a vested power not exercised in an arbitrary, capricious, or willful manner but with due regard for that which is equitable and just under the circumstances. It is action directed by the court's reason and conscience to a just result. Smaldone v. United States, 10 Cir., 211 F.2d 161. And whether action constitutes an abuse of discretion depends upon the particular circumstances. Viewing the contention in the light of these blueprinted general principles, we are unable to say that restraining the defendants until the further order of the court from prosecuting the actions in the state courts constituted an abuse of discretion. On the contrary, we share the view that entry of the restraining order lay within the range of discretion of the trial court.
 
 
 11
 Other contentions are presented. We have examined them and think they are without merit.
 
 
 12
 The order from which the appeal was perfected is
 
 
 13
 Affirmed.