**MID–AMERICAN INDEMNITY COMPANY, Plaintiff,**

**v.**

**Lois McMAHAN, Kirby J. McMahan, Ora Lee Tillman, Winnie Pertrina Tillman, Mary Ruth Watson, Wallace Watson, Jr., Leonard Watson, Charles Anthony Watson, Inez Skaggs, Gloria Boston, Reader Skaggs, Robbie L. Skaggs, Leslie Skaggs, John Skaggs and Donald Skaggs, Defendants.**

Civ. A. No. J86–0583(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 14, 1987.

---

---

John H. Downey, Downey & Brown, Jackson, Miss., for plaintiff.

Constance L. Johnson, Jim Kitchens, Kitchens & Pickard, Hazlehurst, Miss., Douglas R. Duke, Shell, Buford, Bufkin, Callicutt & Perry, Bob Owens, Denise Sweet-Owens, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Mid-American Indemnity Company (Mid-American) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. All of the defendants herein have filed timely response to the motion, and the court has considered the memoranda of authorities submitted by the parties, together with attachments.

Plaintiff Mid-American, an Oklahoma insurance carrier, issued an automobile insurance policy, policy no. 652810, to defendant Lois McMahan as named insured and covering a Camaro automobile. On September 6, 1984, Kirby J. McMahan, the insured's husband, was involved in an automobile accident while operating the insured vehicle. This accident caused Willie Pertrina Tillman to sustain serious injuries and resulted in the death of Wallace Watson, Jr., Annette Watson and John Wesley Scaggs. The parties agree that the accident was the result of negligence on the part of Kirby J. McMahan, who was intoxicated at the time.[1]

The survivor of the accident and the wrongful death beneficiaries of those who were killed filed two lawsuits against Kirby J. McMahan. Civil Action No. J85–0479(W) in which McMahan was the sole defendant was pending in this court at the time of the filing of this motion for summary judgment. The plaintiffs in that case, however, elected to voluntarily dismiss that action and on February 6, 1987, a stipulation of dismissal without prejudice was entered. These plaintiffs then joined with other plaintiffs in a second lawsuit against McMahan and General Motors Corporation, the manufacturer of the vehicle which Tillman and the three decedents were occupying at the time of the accident. This lawsuit is presently pending in Copiah County Circuit Court as Cause No. 16–011.[2] Pur-

---

[1]. It is undisputed that at the time of collision, Kirby J. McMahan was under the influence of alcohol and driving on the wrong side of the highway. He is unable to remember the events surrounding the accident. Thus, in answer to the substantive allegations in suits filed against him following the collision, McMahan denied liability for the reason that he was without sufficient knowledge or belief to know the truth of the allegations of the complaints. However, in his deposition, McMahan admitted the accident was his fault and, in fact, he pleaded guilty to three counts of manslaughter and was sentenced to serve seven years in the Mississippi State Penitentiary.

[2]. In this second suit, it is alleged that McMahan was negligent, and that the vehicle occupied by Tillman and the other plaintiffs' decedents was negligently manufactured by General Motors.

suant to the provisions of its insurance policy issued to Lois McMahan, Mid-American has employed counsel to defend Kirby J. McMahan in these actions.

The limit of liability under the McMahan policy is $10,000 per person and $20,000 per occurrence. Mid-American, recognizing that the potential claims under the provisions of the insurance policy greatly exceed the $20,000 limit of liability,[3] initiated the present action for interpleader and declaratory relief pursuant to 28 U.S.C. § 1335, and contemporaneously deposited the $20,000 into court. Plaintiff has now moved for summary judgment as to all the relief requested in the complaint.

The complaint includes a request that this court restrain the claimants from further prosecuting or from instituting any action against plaintiff or against defendant Kirby J. McMahan until the court has decided this case, that the defendants be required to interplead and settle among themselves their rights to the money due under the policy and that plaintiff then be discharged from all liability to those defendants entitled to recover indemnity.

■ The federal interpleader statute, 28 U.S.C. § 1335, permits any corporation, association or society which has in its possession, *inter alia,* a policy of insurance or other instrument of value or amount of $500 or more to bring an action for interpleader if two or more adverse claimants of diverse citizenship are claiming or may claim the money, property or benefits which comprise the stake, and if the stakeholder has deposited the stake into court or made a bond therefor. It is generally recognized that interpleader is a remedy which involves two stages. *See* 7 Wright, Miller & Kane, *Federal Practice and Procedure,* § 1714, at 581. In the first stage, the court must determine whether the

stakeholder is entitled to invoke the court's interpleader jurisdiction to compel the claimants to litigate their claims to the stake in one proceeding. In this regard, the plaintiff/stakeholder must demonstrate that the prerequisites for interpleader have been met. This may be accomplished by a motion for summary judgment, as in the present case. *Id.* It is clear in this case that interpleader is proper. The amount or value of the stake exceeds $500, the claimants to the policy proceeds are of diverse citizenship[4] and the stakeholder, Mid-American, has made the required deposit of the $20,000 stake into court.

■ Once it has been determined that an action in interpleader is properly before it, the district court may enjoin proceedings relating to the subject matter of the interpleader action, which in this case is the policy proceeds. *See* 28 U.S.C. § 2361 (1978). The injunction remedy promotes the purpose of actions in interpleader in that it prevents multiplicity of actions and reduces the possibility of inconsistent determinations or the inequitable distribution of the fund. 7 Wright, Miller and Kane, § 1717, at 612. A district court in which an interpleader action is properly brought is specifically authorized to enjoin all claimants from instituting or prosecuting any proceeding in any state or federal court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. *See* 28 U.S.C. § 2361. Having determined that this interpleader action is appropriate, the court concludes that plaintiff is entitled to injunctive relief restraining all defendants from instituting or prosecuting any action in any court, state or federal, affecting the proceeds of policy no. 652810, issued by Mid-American, until such time as all proceedings against Kirby J. McMahan are

---

3. In Cause No. 16–011 pending in Copiah County Circuit Court, the plaintiffs seek $5,500,000 compensatory damages against Kirby J. McMahan and General Motors Corporation, jointly and severally, and $3,000,000 punitive damages against Kirby J. McMahan individually.

4. The requirement of statutory interpleader that there be adverse claimants of diverse citizenship is jurisdictional. *Dakota Livestock Co. v. Keim,*

552 F.2d 1302, 1306 (8th Cir.1977). Under the statutory interpleader scheme, there must be "minimal diversity"—diversity between at least two adverse claimants. In the present case, the McMahans are residents of Louisiana, while the remaining claimants are Mississippi residents. Hence, the requisite minimal diversity is satisfied.

finalized. However, plaintiff's motion, insofar as it seeks an order enjoining the action presently pending against defendant Kirby J. McMahan, together with any actions which may be instituted against either him or Lois McMahan, is not well taken and should be denied.

The United States Supreme Court has recognized that injunctive relief, while available to restrain actions affecting the fund, is not available to enjoin prosecution of suits outside the bounds of the interpleader proceeding, a proscription which includes suits against the insured. *See State Farm Fire and Casualty Co. v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). In *Tashire*, as in the present case, the insurer, State Farm, deposited into court the proceeds of a policy issued to its insureds, since the litigation, in terms of parties and claims, was vastly more extensive than the "confines of the 'fund,' the deposited proceeds of the policy." The court reasoned that,

> State Farm's interest in this case, which is the fulcrum of the interpleader procedure is confined to its $20,000 fund. That interest receives full vindication when the court restrains claimants from seeking to enforce *against the insurance company* any judgment obtained against its insured, except in the interpleader proceeding itself. *To the extent that the District Court sought to control claimant's lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme.*

*Tashire*, 386 U.S. at 535, 87 S.Ct. at 1206 (emphasis added); *see also Travelers Indemnity Co. v. Greyhound Lines, Inc.*, 377 F.2d 325 (5th Cir.1967). The present interpleader action cannot be utilized by Mid-American as a device to impede the claimants' ability to recover judgments against the insured since

> an insurance company whose maximum interest in the case cannot exceed $20,000 and who in fact asserts that it has no interest at all, should not be allowed to determine that dozens of tort plaintiffs must be compelled to press their claims— ... which in no event could be satisfied out of the meager insurance fund—in a single forum of the insurance company's choosing.

*Tashire*, 386 U.S. at 535, 87 S.Ct. at 1206.

The court next considers whether Mid-American is entitled to be discharged, pursuant to section 2361 which provides that the "district court shall hear and determine the case, and may discharge the plaintiff from further liability...." While an interpleader plaintiff who has an interest in the stake may not be discharged, the court may discharge a stakeholder if he is disinterested. *Bankers Trust Company of Western New York v. Crawford*, 559 F.Supp. 1359, 1360 (W.D.N.Y.1983). In the present case, Mid-American has made no claim that it is entitled to any of the funds. Moreover, the McMahans have expressly waived, in writing, the policy requirement that Mid-American provide them with defense counsel and have consented to withdrawal of the defense counsel which has been provided by Mid-American. Thus, since Mid-American has been relieved by its insured of its contractual duty to defend, it has no interest in the stake which would preclude its being discharged from further liability. *Cf. Pan American Fire & Casualty Co. v. Revere*, 188 F.Supp. 474, 486 (E.D.La.1960) (insurer under duty to defend is contractually obligated to resist demands of claimants and not entitled to discharge from interpleader action).

Accordingly, it is ordered that the defendant/claimants are hereby enjoined from instituting or prosecuting any proceeding in any court, state or federal, affecting the proceeds of policy no. 652810 until such time as the proceedings against Kirby J. McMahan by all claimants are finalized. It is further ordered that the defendant/claimants shall interplead and settle among themselves their respective rights to the money due under the policy. Finally, it is ordered that plaintiff is discharged from all further liability to any of the defendant/claimants entitled to recover indemnity.