**STAR INSURANCE CO., Plaintiff,**

v.

**CEDAR VALLEY EXPRESS, LLC et al., Defendants.**

No. CIV.A. 02–1726 (EGS).

United States District Court, District of Columbia.

Sept. 18, 2002.

Nick R. Hoogstraten, Esquire, Bastianelli, Brown & Kelley, Chtd., Washington.

## MEMORANDUM OPINION
## AND ORDER

SULLIVAN, District Judge.

Pending before the Court are plaintiff's motion to interplead defendants pursuant to 28 U.S.C. § 1335 and deposit the interpleaded funds into the registry of the Court, as well as plaintiff's motion for a preliminary injunction.

For the following reasons, plaintiff's motions are hereby **GRANTED** on a provisional basis.

## I. BACKGROUND

Plaintiff, Star Insurance Company, a Michigan corporation, alleges that on September 20th, 2000, pursuant to § 49 U.S.C. 10927 of the Interstate Commerce Act, it issued Property Broker's Surety Bond No. SA3158428 to defendant Cedar Valley Express, LLC, an Iowa corporation. It further alleges that approximately 35 parties, consisting of corporations located in at least 13 different states, have asserted adverse and conflicting claims against the bond, which, in the aggregate, exceed the bond's penal sum of $10,000. Asserting that it is unable to adjudicate the parties' claimed interests in the proceeds of the bond, and that it will therefore be exposed to unnecessarily vexatious and duplicative litigation, plaintiff has filed this action pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335.

## II. PLAINTIFF'S MOTION TO FILE INTERPLEADER

Plaintiff has alleged facts supporting this Court's jurisdiction under the Federal Interpleader Statute, 28 U.S.C. § 1335. Therefore, the Court will permit plaintiff to proceed with an action in the nature of interpleader on a provisional basis, until such time as all parties have received notice of the action and have been afforded an opportunity to be heard on the issue of whether the Court's exercise of interpleader jurisdiction pursuant to Section 1335 is appropriate in this case.

▮▮▮▮ An action in the nature of interpleader is proper where a party is exposed to multiple claims on a single obligation, and wishes to obtain adjudication of such claims and its obligation in a single proceeding. *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C.Cir. 1993). Interpleader is an equitable remedy that may be used to achieve an orderly distribution of a limited fund, usually on a ratable basis. *Id.* at 588–89. Such an action may be brought in a U.S. District Court under the Federal Interpleader Act, 28 U.S.C. § 1335, provided the jurisdictional requirements set out therein are established.[1]

Generally speaking, there are two stages in an interpleader action. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983); *United States v. Alexander*, No. Civ. A. 01–2401, 2002 WL 27760 at *2 (E.D.La. Jan.9, 2002); *Mid–American Indem. Co. v. McMahan*, 666 F.Supp. 926, 928 (S.D.Miss.1987). The first stage involves a determination of whether the plaintiff has met the statutory prerequisites for the invocation of the interpleader remedy.[2] *New York Life Ins.*

---

**1.** Such an action is known as "statutory interpleader," to distinguish it from "rule interpleader," an action brought pursuant to Fed. R.Civ.P. 22, which implicates different jurisdictional requirements. *See, e.g., Commercial Union Ins. Co.*, 999 F.2d at 583, 584.

**2.** The second stage of an interpleader action consists of a determination of the respective rights of the claimants to the disputed property. *New York Life Ins. Co.*, 700 F.2d at 95; *Alexander*, 2002 WL 27760 at *2. "Bifurcation is not mandatory, however, and the entire action may be disposed of at one time." *New York Life Ins. Co.*, 700 F.2d at 95. The appli-

cable statutes and case law do not establish a required procedure for either stage; however issues may be resolved on motions for summary judgment. *United States v. Alexander*, 2002 WL 27760 at *2; *Aetna Cas. & Sur. Co. v. Ahrens*, 414 F.Supp. 1235, 1249 (S.D.Tex. 1975). Once a court determines that interpleader is appropriate, it may discharge the stakeholder-plaintiff from the action if it is disinterested in the distribution of the subject matter, permanently enjoin the parties from prosecuting any other claim relating to the subject matter, and make any other order it deems appropriate to the resolution of the issues. 28 U.S.C. § 2361.

Co., 700 F.2d at 95; *Alexander*, 2002 WL 27760 at *2. The District Court's exercise of jurisdiction over a statutory interpleader action requires that: (1) the plaintiff have custody of the disputed property, which must exceed $500 in value; (2) the plaintiff deposit the disputed property into the registry of the court; and (3) two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property. 28 U.S.C. § 1335.

The District Court's jurisdiction in a statutory interpleader action is premised on diversity of citizenship. *Republican Nat'l Comm. v. Taylor*, 299 F.3d 887, 894 (D.C.Cir.2002); *Commercial Union Ins. Co.*, 999 F.2d at 584. However, complete diversity is not required, and the courts have adopted a standard of "minimal diversity," under which it is sufficient that at least two opposing claimants be of diverse citizenship. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). Therefore, jurisdiction is proper in a case where, as here, some claimants share citizenship with each other, the plaintiff, or both, so long as at least two of the claimants are citizens of different states. *See id.*

Additionally, the statute requires that claimants be "adverse" to each other, although their claims need only be independent of each other, and need not have a common origin or be identical. 28 U.S.C. § 1335(b).[3] Claimants need not have obtained a judgment with respect to the subject matter of the interpleader action, nor does it appear that they need to have actually initiated legal action against the stakeholder with respect to the disputed property. *See Tashire*, 386 U.S. at 526, 531–32, 87 S.Ct. 1199 (anticipated claims).

The adversity requirement is met so long as the stakeholder has a " 'bona fide' fear of adverse claims arising with respect to the res." *New Jersey Sports Prod., Inc.*, 15 F.Supp.2d at 541 (citation omitted).

Although the party seeking to institute an interpleader action bears the burden of demonstrating that the statutory requirements are satisfied, there is no set procedure governing how the court is to decide the jurisdictional question. *See Alexander*, 2002 WL 27760 at *2; *Aetna Cas. & Sur. Co.*, 414 F.Supp. at 1249. Issues may be formulated on motion by the parties, or decided by the court as if presented on a formal motion for summary judgment, either on the papers or after taking evidence. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1714 (2001); *see also Republican Nat'l Comm.*, 299 F.3d at 889–90; *Alexander*, 2002 WL 27760 at *2. All parties must receive notice and an opportunity to be heard on the issue of the appropriateness of an interpleader action before a court's final determination with respect to jurisdiction. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1714.

Even if all of the jurisdictional requirements are established, acceptance of jurisdiction over a statutory interpleader action is by no means mandatory: "the mere fact that [a court] possesses jurisdiction over the subject matter of an equitable action of interpleader does not require that the [c]ourt should exercise that jurisdiction ... some courts have, in their discretion, dismissed interpleader actions for want of equity because an adequate remedy at law existed, even though the required jurisdictional facts were proven." *Prudential Ins.*

---

**3.** This requirement is not met, however, where claims are asserted against different res, or where the plaintiff could conceivably be liable to all claimants. *See New Jersey*

*Sports Prod., Inc. v. Don King Prod., Inc.*, 15 F.Supp.2d 534, 539 (D.N.J.1998), *modified*, 15 F.Supp.2d 546 (D.N.J.1998).

*Co. of Am. v. Shawver,* 208 F.Supp. 464, 469 (W.D.Mo.1962).

■ However, a court may provisionally accept jurisdiction over an action in the nature of interpleader where the plaintiff has alleged that the jurisdictional requirements of Section 1335 are met, and the plaintiff has deposited an appropriate sum with the registry of the court. *See, e.g., Aetna Cas. & Sur. Co.,* 414 F.Supp. at 1241, 1242, 1249. The court may then issue nationwide service of process for all claimants to the disputed property pursuant to 28 U.S.C. § 2361.[4] *Id.* at 1243, 1249. Where potential claimants are unknown, notice by publication may be required. *Id.* at 1250. The court may subsequently require the parties to brief any jurisdictional issues before it renders its final decision with respect to whether plaintiff has met the statutory requirements for bringing an action in the nature of interpleader, and whether it chooses to exercise that jurisdiction. *Id.* at 1249–51.

■ Plaintiff in this case has requested permission to deposit with the court registry the full penal value of a $10,000 bond, against which it alleges the putative defendants, at least two of whom appear to be citizens of different states, have asserted adverse claims. The complaint therefore appears, on its face, to meet the jurisdictional requirements of Section 1335, rendering it proper for this Court to provisionally accept jurisdiction over the action, order the plaintiff to deposit $10,000 into the court registry, and issue summons to all claimants named in the complaint.

The Court is permitting plaintiff to proceed with an action in the nature of interpleader pursuant to 28 U.S.C. § 1335 on a provisional basis only. The Court will make a final determination with respect to whether the jurisdictional requirements of 28 U.S.C. § 1335 have been met once all parties have been. afforded notice of the action and an opportunity to be heard on the jurisdictional issues.

## III. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In furtherance of the policy considerations underlying the Federal Interpleader Act, and to aid in the Court's exercise of jurisdiction over this matter pursuant to that Act, the plaintiff's motion for preliminary injunction is granted on a provisional basis until such time as the parties have received notice thereof and have been afforded an opportunity to be heard on the propriety of its continued operation.

■ The Federal Interpleader Act authorizes a U.S. District Court to enter both preliminary and permanent injunctions restraining claimants from instituting or prosecuting any proceeding in any state or federal court affecting the subject matter of an interpleader action. 28 U.S.C. § 2361. The Court has "extensive discretion under Section 2361 with respect to the issuance and scope of the order." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717.

■ A preliminary injunction may be issued without notice to the putative defendants in the action, for Fed.R.Civ.P. 65 does not modify Section 2361, which in turn provides for entry and of a preliminary injunction order at the same time as summons are issued by the court. 28 U.S.C. § 2361; Fed.R.Civ.P. 65(e); *Holcomb v. Aetna Life Ins. Co.,* 228 F.2d 75,

---

4. Although 28 U.S.C. § 2361 provides for issuance of process addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found, it appears to be the practice of plaintiffs in interpleader actions to directly serve process on claimants, without burdening the U.S. marshals.

82 (10th Cir.1955); *Shawver,* 208 F.Supp. at 470.

██ However, "[t]his does not mean ... that the practice under Section 2361 should be without any notice or provision for hearing in all cases. The practice in actions under the Interpleader Act is still governed by principles of equity practice." *Shawver,* 208 F.Supp. at 470. Therefore, courts are urged to exercise judicial discretion and restraint when issuing such orders, balancing equitable considerations against temporal and spatial constraints which may weigh against notice and a hearing. *Id.* "A request for an injunction may be refused if there is no real threat of litigation relating to the subject matter of the interpleader suit or if a previously commenced action will afford the parties effective relief." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717.

Nevertheless, a provision in an order granting a preliminary injunction and affording an opportunity for reconsideration of its issuance after service of process can be an appropriate safeguard against failure to give notice. *Shawver,* 208 F.Supp. at 470–71. Several courts have adopted this approach in light of the "extraordinary authority" conferred by the inapplicability of Rule 65 to preliminary injunctions in interpleader cases. *See, e.g., New York Life Ins.,* 700 F.2d at 93, 97; *Aetna Cas. & Sur. Co.,* 414 F.Supp. at 1242; *Shawver,* 208 F.Supp. at 470.

A number of policy considerations underlying the adoption of the interpleader statute weigh in favor of immediately granting a provisional preliminary injunction without notice to the claimants, as requested by plaintiff in this case. The Supreme Court has emphasized that the difficulties posed in a case where an earlier claimant may appropriate all, or a disproportionate slice, of a fund before fellow claimants are able to establish their claims,

potentially leading to a "race to judgment" and unfairness to some claimants, "were among the principal evils the interpleader device was intended to remedy." *Tashire,* 386 U.S. at 533, 87 S.Ct. 1199; *see also Mid–American Indem. Co.,* 666 F.Supp. at 928. This Circuit has stated that "the interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well a to protect him from double liability." *New York Life Ins. Co. v. Welch,* 297 F.2d 787, 790 (D.C.Cir.1961); *see also Tashire,* 386 U.S. at 533, 87 S.Ct. 1199 (federal interpleader statute is "remedial and to be liberally construed"). Commentators have noted that an injunction may be necessary to aid in the court's jurisdiction over an interpleader action, or be "desirable to ensure the effectiveness of the interpleader remedy." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717. Maintenance of the *status quo* while jurisdictional questions are resolved through issuance of a provisional preliminary injunction is one means of vindicating the policy considerations underlying the Federal Interpleader Act. *See, e.g., Aetna Cas. & Sur. Co.,* 414 F.Supp. at 1242, 1243, 1249; *and see Holcomb,* 228 F.2d at 78–79 (entering restraining order and later vacating in part on motion by defendants).

██ Courts have also considered the counterbalancing policy in favor of vindicating of claimants' interest in pursuing claims in the forum of their choice. *See Tashire,* 386 U.S. at 534–35, 536, 87 S.Ct. 1199; *see also Aetna Cas. & Sur. Co.,* 414 F.Supp. at 1248; *Prudential Ins. Co. of Am. v. Trowbridge,* 313 F.Supp. 428, 429–30 (D.Conn.1970). This interest carries greater weight once a claimant has already instituted an action, or when the plaintiff seeks an injunction extending to suits against an insured party, stakeholder, or both, rather than one restricted to poten-

tial actions regarding the disputed *res.* *See Tashire,* 386 U.S. at 533–35, 87 S.Ct. 1199; *Mid–American Indemnity Co.,* 666 F.Supp. at 929, *Trowbridge,* 313 F.Supp. at 429–30.[5]

▮▮▮ The plaintiff in this case does not seek to preclude actions unrelated to the bond against itself or Cedar Valley Express, the bond principal. Therefore, any factors that would counsel against the use of the Court's "extraordinary powers" under Section 2361 do not carry substantial weight in the determination of whether a preliminary injunction should issue in this case.

The Court is aware that other procedural options are available to resolve plaintiff's motion for a preliminary injunction, such as issuing an order to show cause as to why a preliminary injunction should not be granted, *see, e.g., Tashire,* 386 U.S. at 525–26, 87 S.Ct. 1199, or permitting the parties to argue the motion before granting any injunctive relief, *see, e.g., Am. Indem. Co. v. Hale,* 71 F.Supp. 529, 532 (W.D.Mo.1947). However, on the facts of this case, where there are a significant number of claimants scattered throughout the nation, it appears that the inevitable delay such procedures would entail would prejudice plaintiff by exposing it to the very harms the Federal Interpleader Act was enacted to avoid. *See Shawver,* 208 F.Supp. at 470.

Notwithstanding these concerns, the Court reiterates that this preliminary injunction is issued on a provisional basis only, and will remain in effect only until jurisdictional questions are resolved. At that point, the injunction's continued operation will be revisited upon proper motion of counsel or of this Court.[6]

## ORDER

Upon careful consideration of plaintiff's motion to file interpleader action and motion for preliminary injunction and the applicable statutory and case law, it is hereby

**ORDERED** that plaintiff's motion to file interpleader action, and to deposit funds into the registry of the court [4] is **GRANTED** until further order of this Court; and it is

**FURTHER ORDERED** that and plaintiff's motion for a preliminary injunction [3] is **GRANTED** until further order of this Court; and it is

**FURTHER ORDERED** that plaintiff shall deposit into the registry of the Court funds equivalent to $10,000 penal value of Property Broker's Surety Bond No. SA3158428 issued by the plaintiff to defendant Cedar Valley Express, LLC; and it is

**FURTHER ORDERED** that the Clerk of the Court shall receive and invest these funds so that interest may accrue, for ultimate disposition by order of this Court in the above-captioned case; and it is

---

**5.** Finally, courts have also weighed considerations of comity and deference to state courts when determining whether a preliminary injunction should issue in interpleader actions. *See, e.g., Shawver,* 208 F.Supp. at 469. In light of these concerns, some have held that, where a state action commenced prior to the interpleader action provides an adequate remedy, an interpleader action, and by extension, a preliminary injunction, is not appropriate. *See New Jersey Sports Prod.,* 15 F.Supp.2d at 542. However, there is no indication that any

of the alleged claimants in this case have instituted any actions affecting the bond at issue in either state or federal court.

**6.** Subsequent to the issuance of this Memorandum Opinion, all defendants in this action were afforded an opportunity to object to the entry of a preliminary injunction and to the Court's exercise of interpleader jurisdiction pursuant to 28 U.S.C. § 1335, as well as to assert a claim against the funds in question.

**FURTHER ORDERED** that plaintiff shall serve a copy of this order on all defendants named in this action; and it is

**FURTHER ORDERED** that all defendants named in this action are hereby **ENJOINED** from instituting or prosecuting any action in any state or federal district court affecting plaintiff's surety obligations under Property Broker's Surety Bond No. SA3158428 until further order of this Court; and it is

**FURTHER ORDERED** that all parties to this matter shall file submissions addressing the basis for this Court's jurisdiction under 28 U.S.C. § 1335, as well as the necessity and propriety of the continued operation of the preliminary injunction hereby issued, by no later than **NOVEMBER 1, 2002.**

**IT IS SO ORDERED.**