**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**COMPANION PROPERTY &**          )
**CASUALTY INSURANCE CO.,**       )
                                )
          **Plaintiff,**          )
                                )
          **v.**                  )     **Civil Action No. 13-436 (RWR)**
                                )
**APEX SERVICE, INC., et al.,**   )
                                )
          **Defendant.**          )
_____ )

<u>**MEMORANDUM OPINION**</u>

Companion Property & Casualty Insurance Co. ("Companion") filed a complaint and action of interpleader to determine the proper distribution of the proceeds of payment bond number 00010501 (the "Payment Bond") among Apex Service, Inc. ("Apex") and all other potential claimants. Compl. at 4, 7, 10. The matter was referred to Magistrate Judge Alan Kay, who issued a report and recommendation finding that Companion should be discharged from the action, Companion should receive attorneys' fees and costs, and the remaining sum of the Payment Bond should be disbursed to Apex. Report and Recommendation ("R&R") at 16. Because no party has objected to the report and recommendation, Companion appropriately filed this action of interpleader as a disinterested stakeholder, the recommended award of fees and costs is fair, and Apex is the sole remaining interpleader

defendant, Magistrate Judge Kay's recommendations will be adopted.[1]

BACKGROUND

Apex entered into a construction contract with the District of Columbia Department of Real Estate Services, Contracting and Procurement Division for expansion of the Emergency Operations Center at the Unified Communication Center.  R&R at 2.  Apex then entered into a subcontract with Niyyah Electrical Contractors, LLC ("Niyyah") to furnish labor, materials, and equipment for certain electrical work on the project.  Id.  As a condition of the subcontract, and under D.C. Code § 2-201.01, on August 1, 2011, Niyyah obtained the Payment Bond from Companion with a total value of $289,972.00.[2]  Id. at 2-3.

On March 29, 2012, Apex terminated Niyyah's subcontract as a result of a dispute that arose regarding performance of Niyyah's subcontract work, payment of laborers, and payment for certain equipment, materials, and supplies.  Id. at 3.  Apex asserted a claim against the Payment Bond as a result of payments it made to Niyyah employees, subcontractors, and

---

[1] Apex requests a hearing on the R&R.  That request will be denied as moot.

[2] Footnote five of the R&R contains a typographical error stating that the total value of the Payment Bond is $292,972.00.  R&R at 6 n.5.  However, the remainder of the R&R correctly reflects that the total value is $289,972.00 and all derivative calculations are correctly made in relation to the correct total value.

suppliers for work completed or materials provided prior to the subcontract's termination.  Id.  Companion also received claims from a number of sub-subcontractors and suppliers.  Id.

Because of multiple outstanding and anticipated claims against the Payment Bond totaling at least $499,534.18, Companion requested an order for interpleader and deposited the value of the Payment Bond in the Court's registry.  Id. at 10. Companion also asked that the defendants be enjoined from bringing an action against it under the Payment Bond.  Id.

Branch Group, Inc. t/a Rexel ("Branch") filed an answer to the complaint on May 1, 2013, claiming it is owed $38,300.42 for "outstanding invoices incurred by Niyyah[.]"  Branch Answer at 5.  Additionally, Lawrence D. Scott, a former Niyyah employee, filed a *pro se* motion for unpaid wages on January 10, 2014, seeking approximately $14,500.00[3] of the Payment Bond funds.  Scott Mot. Unpaid Wages at 1.  On December 26, 2013, Companion and Apex filed a stipulation agreeing that Companion should be discharged from liability under the Payment Bond, that Companion should be reimbursed $12,000.00 for attorneys' fees and expenses, and that Apex should be awarded the remainder of

---

[3] The motion states that Scott received $7,800.00 but that the total should have been about $25,000.  Scott Mot. Unpaid Wages at 1.  The motion thus asks for Scott to receive about $17,200.00.  Id.  However, at oral argument before Magistrate Judge Kay, Scott stated that he was paid $10,500.00.  R&R at 2. The magistrate judge therefore concluded that Scott requests only $14,500.00.  Id. at 15.

the Payment Bond funds.  Companion & Apex Stipulation at 1.  The magistrate judge found that all potential claimants who have filed answers except for Apex, Scott, and Branch have settled or otherwise relinquished their claims to the Payment Bond funds. R&R at 2.

## DISCUSSION

A district judge may designate a magistrate judge to conduct hearings and submit findings of fact and recommendations for the disposition of pretrial motions.  28 U.S.C. § 636(b)(1)(B) (2014); LCvR 72.3(a) (2014); see Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2138 (2012)(noting that Congress has vested "reviewable factfinding authority" in magistrate judges by authorizing them to "make findings of fact relevant to dispositive pretrial motions").  Absent clear error, if no party has made an objection to the magistrate judge's recommendation within fourteen days, a district court judge may accept, reject, or modify, in whole, or in part, the findings or recommendations.  28 U.S.C. § 636(b)(1)(C); LCvR 72.3(b); see Powell v. Bureau of Prisons, 927 F.2d 1239, 1248 (D.C. Cir. 1991) (finding that it is appropriate for a district court judge to adopt a magistrate judge's report and recommendation under a clear error standard of review if no objections were received).

I.    FEDERAL INTERPLEADER UNDER 28 U.S.C. § 1335

The magistrate judge found that Companion should be discharged from liability because the court has jurisdiction to hear the case and Companion is a disinterested stakeholder.  R&R at 5-6.  The magistrate judge acknowledged that jurisdiction exists under 28 U.S.C. § 1335 because "'the value of the property exceeds $500, two or more claimants are diverse, and Companion has deposited the property into the registry of the court.'"  Id. at 5 (quoting 7/17/2013 Order at 1); see 28 U.S.C. § 1335 (2014) (providing the requirements for district court jurisdiction over interpleader actions).  A plaintiff-stakeholder may be discharged from liability if it is disinterested and it meets the statutory requirements of 28 U.S.C. § 1335.  R&R at 4-5; see Star Ins. Co. v. Cedar Valley Express, LLC, 273 F. Supp. 2d 38, 40 n.2 (D.D.C. 2002) (noting that if "a court determines that interpleader is appropriate [under § 1335], it may discharge the stakeholder-plaintiff from the action if it is disinterested in the distribution of the [interpleader funds]").  The magistrate judge found that Companion is a disinterested stakeholder because it does not make a claim to the Payment Bond funds, except for attorneys' fees and costs, which do not make an "otherwise disinterested stakeholder an interested stakeholder."  R&R at 5-6 (citing Orseck, P.A. v. Servicios Legals De Mesoamerica S. De R.L., 699

F. Supp. 2d 1344, 1349 (S.D. Fla. 2010); WRIGHT & MILLER, Federal Practice and Procedure § 1719 (3d. ed. 2013)).  The magistrate judge correctly concluded that, as a disinterested stakeholder in a properly submitted interpleader action, Companion should be discharged from further liability with prejudice.  That portion of the report and recommendation will be adopted.

II.  EQUITABLE DISTRIBUTION OF INTERPLEADER FUNDS

A.    Interpleader defendants

In its complaint, Companion named as defendants Apex, Branch, District of Columbia Department of Employment Services, Graybar Electric Co., Inc., "Jane Doe, Inc., A-Z," United Rentals (North America), Inc. ("United Rentals"), UR Merger Sub Corporation,[4] "John Doe, A-Z,"[5] Michael Garrett, Kevin Maloy, Derrick Manigualt, Jeffery Norwood, Lawrence Scott, Robert Stroman, Reginald Thomas, Yull Travers, and Kenneth Williams. Compl. at 1-4.

The magistrate judge found that only Apex, Branch, and Scott continue to make a claim against the interpleader funds. R&R at 7.  Graybar Electric Co, Inc. and former Niyyah employees

---

[4] UR Merger Sub Corporation was the former name of United Rentals, Companion Mem. Supp. Mot. Discharge at 3, so this entity will be referred to as United Rentals.

[5] "John Doe, A-Z" and "Jane Doe, Inc., A-Z" were included to account for "any remaining unknown claimants[,] which [Companion] properly informed of the action via public notice." R&R at 7.

Garrett, Maloy, Manigualt, Norwood, Scott, Stroman, Thomas, Travers, and Williams signed documents releasing Companion from liability in exchange for payments from Apex. Companion Mem. Supp. Mot. Discharge at 10-11. United Rentals forfeited its right to make a claim against the funds because it defaulted when it failed to file any responsive pleading. R&R at 14; see Fed. R. Civ. P. 12(a)(1)(A)(i), 55(a) (2014) (providing a defendant 21 days to serve an answer and indicating that "the clerk must enter the party's default[]" when "failure [to serve an answer] is shown by affidavit or otherwise"); Companion Mem. Supp. Mot. Discharge at 11 n.6 ("United Rentals' Payment Bond claim is also forfeited because it failed to file a responsive pleading[.]"). Finally, the District of Columbia Department of Employment Services was dismissed from the case by joint stipulation. Joint Stipulation of Dismissal at 1.

Although Scott signed a release on August 30, 2013, Companion Mot. Discharge, Ex. E at 6; R&R at 14 n.15, he filed a motion for unpaid wages on January 10, 2014. Scott Mot. Unpaid Wages at 1. Additionally, Branch continues to assert a claim of $38,300.42 against the interpleader funds. Branch Opp'n to Mot. to Strike at 3. Apex asserts that it should receive the total value of the payment bond, less Companion's attorneys' fees and costs. Companion & Apex Stipulation at 1.

1.    Lawrence D. Scott

Scott signed a document releasing any future claim on the interpleader funds and the magistrate judge noted that Scott's motion for unpaid wages did not provide any reason why the release would be "invalid or inapplicable."  R&R at 14.  As a contract, the release binds Scott to its terms unless an essential element is missing.  See Henke v. United States Dep't of Commerce, 83 F.3d 1445, 1450 (D.C. Cir. 1996) (stating that the "essential elements" of a contract are "competent parties, lawful subject matter, legal consideration, mutuality of assent and mutuality of obligation."); Wolcott v. Ginsburg, 697 F. Supp. 540, 544 (D.D.C. 1988) (confirming that, when determining whether the terms of a release are binding, "releases are to be treated as contracts, and general contract principles apply."). Scott does not address the release or assert that it is missing any of the elements of a valid contract.  Thus, the magistrate judge's recommendation to deny Scott's motion for unpaid wages and to grant Apex's motion to strike Scott's motion will be adopted.[6]

---

[6] After Scott failed to respond to Apex's motion to dismiss within the allotted time, Apex filed a second motion to strike Scott's motion.  See Apex Mot. to Strike or Dismiss Scott Mot. at 2.  The magistrate judge correctly concluded that the second motion could be denied as moot because Apex's first motion to strike should be granted.  R&R at 15.

2.    Branch

The terms of the Payment Bond required any action asserting a claim against the Bond to be filed within one year of when "the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract."  Compl., Ex. 1 at 3; see R&R at 9-10.  Under the terms of the Payment Bond, the "Construction Contract" is the subcontract between Niyyah and Apex.  Compl., Ex. 1 at 1, 3; see R&R at 9.  Further, the subcontract between Niyyah and Apex was terminated on March 29, 2012, so Branch had to initiate its suit by March 29, 2013.[7]  See R&R at 9-10.  By Branch's own admission, the suit was initiated when Companion filed the interpleader action on April 4, 2013.  Id. at 12.  The magistrate judge correctly concluded that Branch's claim against the interpleader funds is time-barred, and that Apex's motion to

---

[7] Also, the magistrate judge determined that under D.C. Code § 2-201.02, any action had to be initiated within one year of when "the last labor or material was supplied by the claimant." R&R at 12.  Branch was a subcontractor to Niyyah, so it could no longer perform labor under the contract after Niyyah's contract was terminated on March 29, 2012.  Id.  Thus, a suit had to be brought by March 29, 2013 under D.C. Code § 2-201.02 as well as under the Payment Bond.  Accordingly, D.C. Code § 2-201.02 is immaterial because the terms of the Payment Bond apply, absent any conflict with local law.  Id. at 11 n.11; see McDonald v. Thompson, 184 U.S. 71, 74 (1902) (finding that the distinction between whether an obligation was incurred by statute or under a contract was immaterial when both required that an action be initiated within four years).

dismiss Branch's claim should be granted. R&R at 11, 16. That portion of the Recommendation will be adopted.

### 3. Apex

The magistrate judge found that Apex is the sole remaining interpleader defendant and Apex has already paid other interpleader defendants from its own money. See id. at 13, 16. He concluded that Apex should receive at least the remaining interpleader funds, less Companion's attorneys' fees and costs. Id. The total payment bond value is $289,972.00 and Companion has requested $12,000.00 in attorneys' fees and costs. Id. at 16. Therefore, Apex would receive either $277,972.00 or, if Companion were not awarded attorneys' fees and costs, the full $289,972.00 Payment Bond value. Id. As is explained below, Companion will be awarded attorneys' fees and costs, leaving $277,972.00 for Apex.

### B. Companion

Companion moved to be discharged from further liability on the Payment Bond and sought an award of $18,822.50 in attorneys' fees and $2,441.04 in costs. Companion Mem. Supp. Mot. Discharge at 9. Companion & Apex later stipulated to a $12,000 award of attorneys' fees and costs to Companion. Stipulation between Companion & Apex at 1.

A court may "award attorneys' fees and costs [from the interpleader funds] to [a disinterested] plaintiff stakeholder

in an interpleader action[] whenever it is fair and equitable to do so." Id. (citing Aaron v. Mahl, 550 F.3d 659, 667 (7th Cir. 2008); Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999); WRIGHT & MILLER at § 1719). Under the circumstances, the magistrate judge fairly concluded that $12,000.00 is a reasonable amount to award in attorneys' fees and costs to Companion, especially where Apex and Companion agreed to it, and Apex is the sole remaining interpleader defendant. R&R at 6; Stipulation between Companion & Apex at 1; see Discussion supra Part II(A); cf. Immigration & Naturalization Service v. Jean, 496 U.S. 154, 155, 160 (1990) (acknowledging that parties can stipulate to the amount received in reasonable attorneys' fees under the Equal Access to Justice Act). Accordingly, the magistrate judge's recommendation that Companion be awarded $12,000.00 in attorneys' fees and costs and that Apex receive the remaining $277,972.00 will be adopted.

CONCLUSION

No party objected to the report and recommendation. Companion is a disinterested stakeholder and the recommended award of attorneys' fees and costs is fair. Apex, as the sole remaining claimant, is entitled to the remaining Payment Bond value. Therefore, Magistrate Judge Kay's report and recommendation is adopted in full. An appropriate final order accompanies this Memorandum Opinion.

SIGNED this 29th day of December, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge

_____
                                )
COMPANION PROPERTY &            )
CASUALTY INSURANCE CO.,         )
                                )
          Plaintiff,            )
                                )
          v.                    )     Civil Action No. 13-436 (RWR)
                                )
APEX SERVICE, INC., <u>et al.</u>,   )
                                )
          Defendant.            )
_____)


## FINAL ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that Companion's motion [47] for discharge, attorneys' fees and costs, and distribution be, and hereby is, GRANTED as follows: Companion is discharged from further liability under the Payment Bond with prejudice and is awarded $12,000 in attorneys' fees and costs from the Payment Bond funds.  The remainder of the Payment Bond funds shall be disbursed to Apex in the amount of $277,972.00.  It is further

ORDERED that Lawrence Scott's motion [50] for unpaid wages be, and hereby is, DENIED.  It is further

ORDERED that Apex's motion [51] to strike or, in the alternative, to dismiss the claim of Lawrence Scott be, and hereby is, GRANTED.  It is further

ORDERED that Apex's motion [52] for entry of an order striking or dismissing Lawrence Scott's motion for unpaid wages and to direct court disbursement of registry funds be, and hereby is, DENIED as moot. It is further

ORDERED that the stipulation [49] between Companion and Apex be, and hereby is, APPROVED. It is further

ORDERED that Apex's motion [53] to strike or, in the alternative, to dismiss the claim of Branch be, and hereby is, GRANTED. It is further

ORDERED that Apex's request [57] for a hearing be, and hereby is, DENIED as moot.

This is a final, appealable Order.

SIGNED this 29th day of December, 2014.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge